UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota,<br>by Michael Campion, its<br>Commissioner of Public Safety,<br><br>    Plaintiff,<br><br>vs.<br><br>CMI of Kentucky, Inc.,<br>a Kentucky corporation,<br><br>    Defendant. | Civil Case No. 08-603 (DWF/AJB)<br><br>**REPLY TO COUNTERCLAIM** |

Plaintiff State of Minnesota, by its Commissioner of Public Safety, Michael Campion ("the State"), for its Reply to the Counterclaim asserted by Defendant CMI of Kentucky, Inc. ("CMI"), states that, except as hereinafter expressly admitted, qualified or otherwise answered, it denies each and every allegation in CMI's Counterclaim. The State further replies as follows:

## I.  Reply

1.  In response to the allegations set forth in paragraph 62 of CMI's Answer and Counterclaim, the State admits that Michael Campion is the Commissioner of the Minnesota Department of Public Safety, and admits that the State is a party in interest.

2.  The State admits the allegations set forth in paragraph 63.

3.  In response to the allegations set forth in paragraph 64, the State admits that CMI is engaged in the manufacture, sale and support of breath alcohol testing products to

law enforcement professionals.  The State further admits that CMI's Intoxilyzer brand of breath alcohol test instruments utilizes infrared spectrometry to detect and analyze the presence of alcohol in a subject's system.  Upon information and belief, the State admits that the Intoxilyzer has been approved by the National Highway Transportation Safety Administration.  Upon information and belief, the State admits that CMI sells its breath alcohol testing equipment throughout the U.S. and around the world.  With respect to the remaining allegations set forth in paragraph 64, the State is without information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

    4.    The State admits the allegations set forth in paragraph 65.

    5.    In response to the allegations set forth in paragraph 66, the State admits that in or about early 1997 the State awarded a contract to CMI, and since that time the State has maintained over 200 Intoxilyzer instruments which are configured according to the State's specifications.  Upon information and belief, the State admits that an existing Intoxilyzer model was configured to meet the State's needs and specifications.  Upon information and belief, the State further admits that this stock model Intoxilyzer, when configured to the State's specifications, has been referred to anecdotally by the State and others as the "Minnesota model," and that this same model has been referred to anecdotally by CMI and others as the "Minnesota instrument."  With respect to the remaining allegations set forth in paragraph 66, the State is without information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

6. In response to the allegations set forth in paragraph 67, the State denies that in its response to the RFP, CMI informed the State that the options requested by the State already existed in its standard Intoxilyzer model or were in the final stages of design. The State affirmatively alleges that CMI informed the State that the options requested by the State already existed or could be incorporated into a Minnesota configured Intoxilyzer 5000 and meet the initial delivery requirement of thirty days after the award of the contract. With respect to the allegation that CMI's configuration of the Intoxilyzer 5000EN to conform to the State's specifications did not require or result in the creation or origination of any copyrightable material, the State responds that this allegation merely sets forth a legal conclusion to which no responsive pleading is required. The State denies any remaining allegations in paragraph 67.

7. The State admits the allegations set forth in paragraph 68.

8. In response to the allegations set forth in paragraph 69, the State admits that pursuant to contract, CMI agreed to make its Owner's Manual available to criminal defendants, subject to a very brief, one-half page Confidentiality Agreement. With respect to the remaining allegations set forth in paragraph 69, the State is without information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

9. In response to the allegations set forth in paragraph 70, the State admits that the source code is, in layperson's terms, a computer program that has been written in a "human readable" language. Upon information and belief, the State admits that the same

source code was used to program all of the Minnesota model Intoxilyzers currently in use in the State of Minnesota. The State is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 70, and therefore denies them.

10. The State is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 71, and therefore denies them.

11. In response to the allegations set forth in paragraph 72, the State affirmatively alleges that CMI has made the source code to the Intoxilyzer available to one criminal defendant in the State of Minnesota, but has refused to provide the State with a copy of that same code. With respect to the remaining allegations set forth in paragraph 72, the State is without knowledge sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

12. In response to the allegations set forth in paragraph 73, the State denies that it has erroneously asserted that it owns all or some part of the source code. The State admits the remaining allegations set forth in paragraph 73.

13. The State admits the allegations set forth in paragraph 74.

14. In response to the allegations set forth in paragraph 75, the State admits that CMI has not been a party to any implied consent or criminal DWI cases in the State of Minnesota. The State affirmatively alleges that it has requested CMI's intervention in such cases, but that CMI has refused to intervene. With respect to the remaining

allegations in paragraph 75, the State responds that these are legal conclusions to which no responsive pleading is required.

15. In response to the allegations set forth in paragraph 76, the State responds that the allegation that Minnesota district courts have not acknowledged or addressed the substantial risk of harm to the State's testing program that would follow from dissemination of the source code without appropriate controls is a legal conclusion to which no responsive pleading is required. The State is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 76 and, therefore denies them.

16. In response to the allegations set forth in paragraph 77, the State denies that it does not own any part of the source code. The State admits the remaining allegations set forth in paragraph 77.

17. The State denies the allegations set forth in paragraph 78.

18. In response to the allegations set forth in paragraph 79, the State affirmatively alleges that in early 2006 it began requesting that CMI voluntarily provide it with a copy of the source code to the Minnesota model Intoxilyzer. The State admits that CMI initially refused to produce the source code to the State or to any other litigant in the State of Minnesota. The State affirmatively alleges that while CMI has produced a copy of the source code to one criminal defendant in Dakota County, it has refused to produce the source code to the State. The State lacks information sufficient to form a belief as to

the truth or falsity of the remaining allegations in paragraph 79, and therefore denies them.

19. In response to the allegations set forth in paragraph 80, the State admits that CMI revised its policy regarding disclosure of the source code in September 2007, and since then CMI has voluntarily offered to make the source code available subject to litigants signing a specific Non-Disclosure Agreement and Protective Order. The State lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 80, and therefore denies them.

20. The State denies the allegations set forth in paragraph 81.

21. The State admits the allegations set forth in paragraph 82.

22. The allegations set forth in paragraph 83 are legal conclusions to which no responsive pleading is required.

23. The allegations set forth in paragraph 84 are legal conclusions to which no responsive pleading is required.

24. The allegations set forth in paragraph 85 are legal conclusions to which no responsive pleading is required.

25. The allegations set forth in paragraph 86 are legal conclusions to which no responsive pleading is required.

26. In response to the allegations set forth in paragraph 87, the State admits that CMI has not been a party to any of the actions in which a Minnesota district court ordered

the State to produce the source code. The State affirmatively alleges that CMI has made no effort to intervene in any of those matters, despite requests from the State that it do so. The State denies the remaining allegations set forth in paragraph 87.

27. The State admits the allegations set forth in paragraph 88.

28. The allegations set forth in paragraph 89 are legal conclusions to which no responsive pleading is required.

29. In response to the allegations set forth in paragraph 90, the State admits that CMI's response to the Request for Proposal included a sample cover letter to attorneys, a brief Confidentiality Agreement, and an affidavit to be executed by the requesting attorney. The State further admits that the cover letter to attorneys specifically references CMI's Operator's Manual. The State denies that the documents contained in the contract between the State and CMI expressly limit the information that CMI would provide to individual defendants to the Operator's Manual. The State is without information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 90.

30. In response to the allegations set forth in paragraph 91, the State admits, upon information and belief, that CMI has offered to produce its Operator's Manual to criminal defendants when asked. The State denies the remaining allegations set forth in paragraph 91.

31. The State denies the allegations set forth in paragraph 92.

32. In response to the allegations set forth in paragraph 93, the State denies that CMI has offered to provide it with a copy of the source code pursuant to a suitable Non-Disclosure Agreement and Protective Order. The State affirmatively alleges that it has executed the Non-Disclosure Agreement and Protective Order provided to it by CMI, and CMI has nonetheless refused to provide it with a copy of the source code. The State also affirmatively alleges that CMI has provided a copy of the source code to one criminal defendant in Dakota County whose counsel signed a Non-Disclosure Agreement and Protective Order provided by CMI. The State admits that CMI's Non-Disclosure Agreement and Protective Order has been rejected by an overwhelming majority of district court judges and litigants. The State denies the remaining allegations set forth in paragraph 93.

33. In response to the allegations set forth in paragraph 94, the State affirmatively alleges that an overwhelming majority of district court judges have refused to execute CMI's proposed Protective Order. The State admits that some courts have refused to consider CMI's interests because it has not become a party to the matter. The State further admits that many district court judges have crafted their own protective orders after ordering production of the source code. Upon information and belief, the State denies that a significant majority of these judicially-crafted protective orders would not adequately protect CMI's interests.

34. In response to the allegations set forth in paragraph 95, the State reasserts each and every response set forth above.

35. In response to the allegations set forth in paragraph 96, the State admits that it has asserted an ownership interest in some or all of the source code. The State denies the remaining allegations set forth in paragraph 96.

36. The allegations set forth in paragraph 97 are legal conclusions to which no responsive pleading is required.

37. The State asserts that the allegations set forth in paragraph 98 are legal conclusions to which no responsive pleading is required.

38. The allegations set forth in paragraph 99 are legal conclusions to which no responsive pleading is required. The State nonetheless agrees with CMI on this point.

39. The allegations set forth in paragraph 100 are legal conclusions to which no responsive pleading is required.

40. In response to the allegations set forth in paragraph 101, the State reasserts each and every response set forth above.

41. In response to the allegations set forth in paragraph 102, the State denies that the source code is proprietary to CMI. The State is without information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

42. In response to the allegations set forth in paragraph 103, the State denies that the source code is proprietary to CMI. The State is without information sufficient to

form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

43. In response to the allegations set forth in paragraph 104, the State denies that the source code is proprietary to CMI. The State is without information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore denies them.

44. The allegations set forth in paragraph 105 are legal conclusions to which no responsive pleading is required. The State nonetheless agrees with CMI on this point.

45. The allegations set forth in paragraph 106 are legal conclusions to which no responsive pleading is required.

## II. Affirmative Defenses

46. CMI's counterclaim fails to state a claim for which relief can be granted.

47. CMI's counterclaim may be barred by the doctrines of waiver, estoppel, or laches.

48. CMI's counterclaim may be barred by the applicable statutes of limitation.

49. The State reserves any other affirmative defenses.

## III. Request for Relief

WHEREFORE, the State respectfully requests judgment against CMI, dismissing its claims in their entirety, and for an award of reasonable fees, costs, and disbursements

incurred in the defense of this action and such further relief as the Court deems just and appropriate.

Dated: April 29, 2008

LORI SWANSON
Attorney General
State of Minnesota


**s/ Martin A. Carlson**

Martin A. Carlson
Assistant Attorney General
Atty. Reg. No. 0299650

Emerald A. Gratz
Assistant Attorney General
Atty. Reg. No. 0345829

445 Minnesota Street, Suite 1800
St. Paul, MN 55101
Telephone: (651) 297-3076
Fax: (651) 297-4077

AG: #1992579-v1