UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota,<br>by Michael Campion, its<br>Commissioner of Public Safety,<br><br>        Plaintiff,<br><br>vs.<br><br>CMI of Kentucky, Inc.,<br>a Kentucky corporation,<br><br>        Defendant. | Civil Case No. CV-08-603 (DWF/AJB)<br><br>**RULE 26(f) REPORT** |

Counsel for the parties participated in the meeting required by Fed. R. Civ. P. 26(f), which was held on April 28, 2008, at the offices of Winthrop & Weinstine, P.A. The pretrial conference in this matter is scheduled for May 20, 2008, at 10:30 a.m. before United States Magistrate Judge Arthur J. Boylan, to be held in chambers at Suite 720, United States Courthouse, 180 East 5th Street, St. Paul, Minnesota.

    (a)    Description of the Case

           (1)    Concise Factual Summary of Plaintiff's Claims:

Plaintiff State of Minnesota ("the State") alleges that Defendant CMI of Kentucky, Inc. ("CMI") has breached a contract for the sale and maintenance of a fleet of evidentiary breath test instruments used by the State primarily for the purpose of investigating and prosecuting the crime of driving while impaired ("DWI"). The State alleges that CMI agreed not only to sell and help maintain this fleet of instruments, but also to release information pertaining to the instrument when ordered to do so by courts handling cases in which an evidentiary breath test is part of the evidence. In addition, the State contends CMI expressly agreed that any documentation and copyrighted material conceived or originated and arising out of the contract would become the sole property of the State. The State alleges that CMI has breached both of these obligations. Specifically, CMI has refused to provide the State with the computer "source code" used to program the computer-operated functions of the Intoxilyzer instrument.

Access to the source code has been demanded by hundreds individuals charged with impaired driving-related offenses, and its production has been ordered by many district courts throughout the State of Minnesota. CMI has refused to provide the State with a copy of the source code. CMI's refusal to turn over the source code has placed the outcome of numerous impaired driving-related cases in jeopardy, has forced the State to incur substantial expenses, and may force the State to replace its entire existing fleet of evidentiary breath testing instruments. The State now seeks, *inter alia*, an order for specific performance directing CMI to provide the State with a copy of the source code, as well as damages in excess of $75,000.

(2)  Concise Factual Summary of Defendant's claims/defenses:

Defendant CMI is an international leader in the manufacture and sale of breath alcohol testing equipment. Defendant has provided breath alcohol testing instruments to Plaintiff State under the current contract for over ten years. Recently, defendants in criminal "DUI" proceedings and petitioners in civil driver's license revocation proceedings in the State have sought to compel the State to produce the "source code" for its breath alcohol testing instruments. The source code is, in layperson's terms, a computer program that has been written in "human readable" language. All of the instruments in sold to Minnesota under to the contract at issue share the same source code. CMI considers the source code among its most valuable and sensitive intellectual property.

The State has generally resisted the aforementioned motions to compel on the grounds that: 1) the source code is not properly discoverable; and, 2) the State does not have possession, custody, or control of CMI's source code. While many state district courts in Minnesota have held that the source code is not discoverable, a distinct minority of courts have ruled otherwise, and ordered the State to produce the source code. It is undisputed that the State does not possess or have custody of the source code, but some state district courts have erroneously held that the State has control of the source code as a result of its contract with CMI. Notably, none of these orders have been directed to CMI.

While CMI has no legal obligation to produce its highly sensitive proprietary source code, it has expressed its willingness to do so, and in fact has done so, subject to a suitable Non-Disclosure Agreement and court-issued Protective Order. However, some of the state district courts that have ordered the State to produce the source code have refused to issue a

Protective Order to protect CMI's highly valuable trade secrets and intellectual property. Other state district courts have only been willing to issue very limited protective that CMI does not believe are adequate to protect its vital interests. In these circumstances, CMI has chosen not to voluntarily produce its source code without appropriate protection. To do so would jeopardize CMI's business interests, and it could also deprive the source code of its trade secret status. Because the State has not produced the source code, some state district courts have excluded breath alcohol testing results from the evidence in the case.

The State has now brought the instant suit against CMI. Its claims are based on two premises: 1) the contract assigns to the State all copyrightable material arising under the contract; and, 2) the contract calls upon CMI to provide certain information to persons charged with DUI or facing a driver's license revocation under Minnesota's implied consent laws. While the contract does contain these provisions, the State's claims misapprehend their meaning.

With respect to copyrightable material, CMI asserts that no copyrightable material arose in the performance of the contract. The instruments CMI sold to the State utilize source code that had been previously written. While the instrument was configured to the State's specifications, the configuration did not result in the creation of any copyrightable material arising under the contract.

As for the obligation to provide information, the State's RFP included a provision requiring CMI to provide "information" to counsel for defendants and/or petitioners. The RFP did not define "information." However, in its response to the RFP, CMI agreed only to provide information defined as, and expressly limited to, a copy of the instrument's Operator's Manual. When the State awarded CMI the contract, it did not question, much less object, to CMI's definition, and the parties have operated on that basis for approximately ten years.

For these reasons, the State has neither an ownership interest in, nor a contractual right to, CMI's proprietary source code. For similar reasons, CMI seeks a declaratory judgment adjudging it the sole owner of its source code. It also seeks a declaratory judgment that the source code constitutes a trade secret under the Uniform Trade Secrets Act.

(3) Statement of Jurisdiction (including statutory citations):

Jurisdiction is proper under 28 U.S.C. § 1338(a) because Counts I and II of this Complaint assert claims arising under the U.S. Copyright Act. This Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

(4) Statement of whether jury trial has been timely demanded by any party:

Neither party has demanded a jury trial.

(b) Pleadings

(1) Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All parties have been served and all pleadings have been filed. There is no current plan to amend pleadings or add additional parties.

(2) Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard:

Date: June 1, 2008.

(c) Discovery Limitations

(1) The parties agree and recommend that the Court limit the use and numbers of discovery procedures (per party to each other party) as follows:

  (A) 25  interrogatories;
  (B) 25  document requests;
  (C) 10  factual depositions;
  (D) no limit requests for admissions;
  (E) N/A  Rule 35 medical examination;
  (F) _____ other.

(d) Discovery Schedule/Deadlines

  (1) The parties recommend that the Court establish the following discovery deadlines:

    (A) <u>October 31, 2008</u> deadline for completion of non-expert discovery, including service and response to interrogatories, document requests, requests for admission and scheduling of factual depositions;

    (B) <u>Not Applicable</u> deadline for completion of all Rule 35 medical examinations;

    (C) _____ other.

(e) Experts

The parties anticipate that they will require expert witnesses at the time of trial.

  (1) The plaintiff anticipates calling <u>2</u> experts in the field of computer programming and software analysis, and for the purpose of establishing damages.

  (2) The defendant anticipates calling <u>1-2</u> experts in the fields of computer programming and software analysis.

  (3) The parties pursuant to Local Rule 26.3(a), recommend the disclosure and discovery option as follows:

    N/A.

  (4) The parties recommend that the Court establish the following deadlines for disclosure of experts and experts' opinions consistent with Rule 26(a) (2) as modified by Local Rule 26.3:

    (A) Deadlines for all parties' identification of expert witnesses (initial and rebuttal) (Fed. R. Civ. P. 26(a) (2) (A)):

      October 10, 2008.

(B) Deadlines for completion of disclosure or discovery of the substance of expert witness opinions:

Affirmative experts: November 14, 2008.

Rebuttal experts: December 15, 2008.

(C) Deadlines for completion of expert witness depositions, if any:

January 1, 2009.

(f) Motion Schedule

(1) The parties recommend that motions be filed and served on or before the following date:

(A) January 2, 2009 non-dispositive motions;

(B) January 16, 2009 dispositive motions.

(g) Trial-Ready Date

(1) The parties agree that the case will be ready for trial on or after March 2, 2009. The parties estimate that the trial will take 2-3 days.

(2) A final pretrial conference should be held on or before February 1, 2009.

(h) Insurance Carriers/Indemnitors

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

None.

(i) Settlement

(1) The parties will discuss settlement before <u>February 1, 2009</u>, the date of the initial pretrial conference, by the plaintiff making a

written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

(2)    The parties believe that a settlement conference <u>is</u> appropriate and <u>should</u> be scheduled by the Court.

(3)    The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court:  ADR will be useful, and the parties jointly request an early settlement conference with Magistrate Judge Boylan.

(j)    Trial by Magistrate Judge

(1)    The parties have not agreed to consent to jurisdiction by the Magistrate Judge.

Dated:  May 13, 2008

LORI SWANSON
Attorney General
State of Minnesota

<u>s/ Martin A. Carlson</u>
Martin A. Carlson
Assistant Attorney General
Atty. Reg. No. 0299650

Peter D. Magnuson
Assistant Attorney General
Atty. Reg. No. 0209260

Emerald A. Gratz
Assistant Attorney General
Atty. Reg. No. 0345829

445 Minnesota Street, Suite 1800
St. Paul, MN 55101
Telephone: (651) 297-3076
Fax: (651) 297-4077

**ATTORNEYS FOR
THE STATE OF MINNESOTA**

Dated:  May 13, 2008                         WINTHROP & WEINSTINE, P.A.

                                             s/William A. McNab
                                             William A. McNab
                                             Atty. Reg. No. 0320924

                                             David M. Aafedt
                                             Atty. Reg. No. 27561X

                                             Suite 3500
                                             225 South Sixth Street
                                             Minneapolis, MN 55402-4629
                                             Telephone: (612) 604-6400
                                             Fax: (612) 604-6800

                                             **ATTORNEYS FOR**
                                             **CMI OF KENTUCKY, INC.**

AG: #2240350-v1