_____

State of Minnesota, by Michael Campion,
its Commissioner of Public Safety,

                                    Court File No. 0:08-cv-00603-DWF-AJB

                    Plaintiff,


v.                              **APPLICANTS' MEMORANDUM OF**
                                **LAW IN SUPPORT OF MOTION**
                                **FOR LEAVE TO INTERVENE**

CMI of Kentucky, Inc.,
A Kentucky Corporation,


                    Defendant


Robert J. Bergstrom, Craig A. Zenobian,
Shane M. Steffensen and Christopher D.
Jacobsen,


                    Applicants

_____


## INTRODUCTION

    Applicants seek to intervene in this action in order to enforce their rights as third-

party beneficiaries to the contract between Plaintiff and Defendant. Applicants are

individuals who are being prosecuted based on evidence from a breath alcohol

instrument. Applicants have orders which require the production of the source code for

that instrument. Upon the happening of a court order for the production of the source

code, the contract made between Plaintiff and Defendant requires Defendant to provide

1

that information to Applicants' attorneys. Defendant CMI has refused to provide this information to Applicants and others similarly situated.

Applicants seek to intervene to protect their interest in obtaining the information to which they are entitled under contract made between Plaintiff and Defendant. In the absence of Applicants' intervention, the disposition of this action will impair or impede Applicants' ability to protect their interest. Applicants interests are not adequately represented by the existing parties to this action. Both Defendant CMI and Plaintiff State of Minnesota are adverse to Applicants. Intervention is necessary to protect Applicants' interests.

## ARGUMENT

### I.  APPLICANTS ARE ENTITLED TO INTERVENE IN THIS ACTION AS OF RIGHT.

Applicants, as third-party beneficiaries to the contract between Plaintiff State of Minnesota and Defendant CMI, are entitled to intervene in this action as a matter of right. Fed. R. Civ. P. 24(a) provides for intervention of right when 1) a person claims an interest relating to the property or transaction that is the subject of the action; 2) the disposition of the action may impair or impede that person's ability to protect his interest; and (3) that person's interest is not adequately represented by existing parties. *South Dakota v. Ubbelohde*, 330 F.3d 1014, 1023 (8th Cir.2003); *Mausolf v. Babbitt*, 85 F.3d 1295, 1299 (8th Cir.1996).

Fed. R. Civ. P. 24(a) states this standard for intervention of right:

> **Intervention of Right**. On timely motion, the court must permit anyone to

intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The rule governing intervention as of right is to be construed liberally, with all doubts resolved in favor of proposed intervenors. *U.S. v. Union Elec. Co.*, 64 F.3d 1152 (8th Cir.1995).

### A. Applicants Are Third-Party Beneficiaries To The Contract At Issue And Have A Sufficient Interest In The Subject Of This Litigation.

Applicants are third-party beneficiaries to the contract between Plaintiff and Defendant and have sufficient interest in the subject of the action to intervene. The requisite interest sufficient for intervention must be of a direct, substantial and legally protectable nature. Wright and Miller, Federal Practice and Procedure, Civil § 1549. A third-party beneficiary to a contract made between others has a direct, substantial legally protectable interest. *See Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290 (1927).

A person is a third-party beneficiary with a sufficient legally protectable interest if the contract "was intended for his direct benefit, in either all or **part** of its contemplated performance." *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290 (1927). In addition to the "intent to benefit" standard, a person is a third-party beneficiary if a party to the contract owes that person a duty. *Servais v. T.J. Management*

3

*of Minneapolis, Inc.*, 973 F.Supp. 885 (D. Minn. 1997) citing *Cretex Cos. v. Construction Leaders. Inc.*, 342 N.W.2d 135, 139 (Minn.1984). *See also*; *Brix v. General Accident & Assurance Corp.*, 254 Minn. 21, 93 N.W.2d 542, 544 (1958).

The contract between Plaintiff State of Minnesota and Defendant CMI expressly indicates persons such as Applicants are intended beneficiaries of the promise to provide information and materials including the source code for the Intoxilyzer 5000. The contract expressly provides that Defendant CMI has a duty to provide these materials and information when persons like Applicants obtain a court order in their cases. Applicants are, therefore, third-party beneficiaries with sufficient legally protectable interest in the contract to warrant intervention.

**B.** **Disposition Of This Action Will Impair Or Impede Applicants' Ability To Protect Their Interest In Obtaining Information To Which They Are Entitled Under The Contract.**

A party seeking to intervene as of right need not establish that its interests will actually be impaired, but only that its ability to protect its interest will be, as a practical matter, impaired if it is denied permission to intervene. *Animal Protection Inst. v. Merriam*, 242 F.R.D. 524 (D. Minn. 2006). *Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc.*, 60 F.3d 1304 (8th Cir. 1995).

The courts have consistently held that this second element of intervention as a matter of right, which is closely tied to the first element, is a less rigorous standard to meet. In fact, in 1966 the Supreme Court amended the rule to avoid the concern that a proposed intervenor was required to show that it "is or may be bound by a judgment in

4

the action." *Id.* at 108; Fed.R.Civ.P. 24(a)(2).

Now, there is no need under the rule to show that resolution in the underlying matter would have a *res judicata* effect upon the applicant for intervention – the burden is lower. *Mille Lacs Band of Chippewa Indians v. State of Minn.*, 989 F.2d at 998, 1001 (8th Cir. 1993) (reversing district court's denial of two motions to intervene as of right where "the result of the litigation ... "may affect" or "may impair" the interests of the proposed intervenors (emphasis added)); *Jenkins v. Missouri*, 967 F.2d 1245, 1248 (8th Cir.) ("The language of the rule itself contemplates that the affected party can intervene in proceedings that 'may' affect him...."), *cert. denied*, 506 U.S. 1033, 113 S.Ct. 811, 121 L.Ed.2d 684 (1992); *Sierra Club v. Robertson*, 960 F.2d 83, 85 (8th Cir. 1992) (paraphrasing the rule as requiring that "the interest may be impaired" (emphasis added)); *Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist. No. 1*, 738 F.2d 82, 84 (8th Cir.1984) (per curiam) ("The rule does not require, after all, that appellants demonstrate to a certainty that their interests will be impaired in the ongoing action. It requires only that the disposition of the action 'may as a practical matter' impair their interests." (emphasis added))

Applicants' ability to protect their interest in obtaining materials and information under the contract will be impaired without intervention. Should this Court rule against Plaintiff on the contract in this action, it will likely preclude Applicants and others similarly situated from obtaining the information in the Minnesota State Courts, all without being afforded the opportunity to protect their rights under the contract. Such a

finding under the contract would almost certainly convince other Minnesota judges that Applicants, too, lack any rights under the disputed contract.

Plaintiff and Defendant may also attempt to settle this case in such a fashion that eliminates or obfuscates Applicants' rights to obtain the information under the contract. Once again, Applicants would have no ability to protect their interests in such an event.

**C.** **Applicants' Interests Are Not Adequately Represented By The Existing Parties.**

The existing parties to the litigation do not adequately represent the third-party beneficiary Applicants' interests in this litigation. A proposed intervenor has only a "minimal burden" to show inadequate represented by existing parties. *Mille Lacs Band of Chippewa Indians v. State of Minn*. 989 F.2d 994, 999, (8th Cir.1993).

Inadequate representation is best determined "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir.1992). If the interests of the proposed intervenor and the interests of the current parties are adverse, intervention is appropriate. *See Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir.1996).

It is undisputed that Defendant CMI is adverse to Applicants.

Plaintiff State of Minnesota also is adverse to Applicants. Plaintiff State of Minnesota is prosecuting Applicants in the underlying state actions by using a machine which Applicants have been unable to obtain the source code to, so that they can dispute

the validity and reliability of its results.[1]  Plaintiff has repeatedly opposed the production

of the source code for the Intoxilyzer 5000 to Applicants and other similarly situated

Minnesota litigants claiming there is no entitlement to analyze the source code and that

the State of Minnesota does not have ownership or control of the source code under the

RFP.  (**Ex. H**, **I**)[2]

    An adverse decision for Plaintiff State of Minnesota in this action becomes a win

for Plaintiff State of Minnesota in the underlying Minnesota District Court prosecutions,

which is diametrically opposed to Applicants' interests.

    Plaintiff State of Minnesota further cannot adequately represent Applicants'

interests as Plaintiff State of Minnesota risks exposure to civil or criminal liability from

Minnesota litigants for previously detected flaws in the operation of the Minnesota Model

of the Intoxilyzer 5000 which are directly attributable to the source code, about which

---

[1] Applicants anticipate the opposition to this motion will claim the State adequately represents the interest of Applicants based on the *parens patria* doctrine. However, this is not a consumer protection case. Rather Applicants are being prosecuted by Plaintiff. Applicants' interest, therefore, "cannot be subsumed within the shared interest of the citizens...." *United States v. Union Elec. Co.*, 64 F.3d at 1169. Because Applicants stand to lose or gain from the litigation in a way different from the public at large, the State cannot be said to represent Applicants. *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir.1996).

[2] Plaintiff's counsel in this case, Mr. Martin A. Carlson represented in *Derheim v. Comm'r of Pub. Safety*, (**Ex. H**, p. 10) that "the State of Minnesota did not obtain any ownership or control of [the] entire source code under the RFP."   Even after the filing of this lawsuit, Plaintiff's counsel has represented that "the State of Minnesota did not obtain any ownership or control of [the] entire source code under the RFP." (**Ex. I**, *Zulpo v. Comm'r of Pub. Safety*, p. 10).

Plaintiff State of Minnesota knew or should have known since at least 2006.[3] An adverse decision for Plaintiff State of Minnesota in this Court will deprive Applicants of the ability to obtain the source code to establish the connection of the flaws to the source code while protecting Plaintiff State of Minnesota.

Given the adversity between Plaintiff and Applicants, intervention is warranted.

## II.    **APPLICANTS' MOTION TO INTERVENE IS TIMELY.**

The timeliness of a motion to intervene, whether decided under Fed. R. Civ. P. 24(a) or 24(b),  must be determined on the basis of all the circumstances in each particular case. *SST, Inc. v. City of Minneapolis*, 288 N.W.2d 225, 230 (Minn. 1979). The factors to be considered in determining timeliness include how far the suit has progressed at time of intervention, the reason for the delay, and the possible prejudice of the delay to the existing parties. *Id., citing* NAACP v. New York, 413 U.S. 345, 366-69, 93 S.Ct. 2591 (1973).

In this case, Applicants seek to intervene very early in the proceedings.  Findings of untimeliness typically involve many years of delay, *e.g. Reid L. V. Illinois State Board of Education*, 289 F.3d 1009, 1017-20 (7th Circuit. 2002) (motion 9 years after litigation began), whereas findings of timeliness typically occur when the motion for intervention comes early in the lawsuit, *e.g. England Petroleum Corp. v. Federal Energy*

---

[3] The Minnesota Bureau of Criminal Apprehension has known since at least September of 2006 that the source code generates a different test result on the instrument's printer than is reported on the instrument's liquid crystal display. (**Ex. J**).  The BCA discovered the error in September 2006 but did not disclose it ordered to do so by a Minnesota court in 2008.

*Administration*, 71 F.R.D. 454 (S.D. N.Y. 1976) (Motion to intervene was timely, where

movant sought intervention approximately four months after filing of complaint, no

depositions had yet been held or were contemplated, and intervenor pledged to meet the

schedule to be set for presentation of opposing party's position), and can even come on

the cusp of settlement, *e.g. Natural Resources Defense Council v. Costle*, 561 F.2d 904

(D.C. Cir. 1977) (holding motions to intervene to be timely, notwithstanding that original

parties were on verge of settlement, where purpose of intervention was concern for

participation in implementation of settlement agreement, and where original parties

would have suffered no prejudice by intervention).

Here, the Rule 26(f) Report was filed on May 13, 2008, and discovery has not yet

begun.  As it has been approximately three months since this lawsuit was originally filed,

Applicants' motion is timely and will not unduly prejudice the existing parties.

## **CONCLUSION**

All Applicants have Article III standing to intervene in the present proceeding.

Applicants' motion to intervene is not only timely, but they also have claims in common

with the underlying action that could be impaired by an unfavorable judgment in the

current action; because Applicants' interests are not adequately represented by existing

parties, Applicants are entitled to intervene as a matter of right in the lawsuit between

Plaintiff State of Minnesota and Defendant CMI, Inc.

In the alternative, because Applicants' claims share a question of law or fact in

common with the underlying action and intervention by Applicants will not unduly delay

or prejudice the adjudication of the rights of the original parties, Applicants should be permitted to permissively intervene in the lawsuit between Plaintiff State of Minnesota and Defendant CMI, Inc.

RAMSAY & ASSOCIATES, P.L.L.C.

Dated: June 6, 2008 /s/ Charles A. Ramsay
Charles A. Ramsay  ID No. 260277
450 Rosedale Towers
1700 West Highway 36
Roseville, Minnesota 55113
651-604-0000

GORES LAW OFFICE

Dated: June 6, 2008 /s/ John J. Gores
John J. Gores        ID No. 228928
7091 Highway 65 NE, Suite 201
Fridley, Minnesota 55432
763-571-4777

*Attorneys for Applicants*