## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

STATE OF MINNESOTA,　　　　　　　　　　　　　　CIVIL NO. 08-603 (DWF/AJB)

　　　　　　　PLAINTIFF,

**ORDER**

V.

CMI OF KENTUCKY, INC.,

　　　　　　　DEFENDANTS.

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Applicants' Motion to Intervene [Docket No. 13]. A hearing was held on July 16, 2008, in the United States Courthouse, 180 E. Fifth Street, St. Paul, MN 55101. Emerald A. Gratz, Esq., represented Plaintiff, State of Minnesota. William A. McNab, Esq., represented Defendant, CMI of Kentucky, Inc. ("CMI"). John J. Gores, Esq., and Charles A. Ramsay, Esq., represented the Applicants.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that Applicants' Motion to Intervene [Docket No. 13] is **DENIED**. The Court finds that the Applicants' fail to meet the intervention standard per Fed. R. Civ. P. 24(a).[1] More specifically, the Court concludes that the interests of the Applicants are adequately protected by

---

[1] "Under Rule 24(a)(2), a party is entitled to intervene as a matter of right upon filing a timely motion if: (1) she has a cognizable interest in the subject matter of the litigation, (2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation." Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007). An applicant must satisfy each of these elements before being permitted to intervene as a matter of right. South Dakota ex. rel. Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 785 (8th Cir. 2003).

Dockets.Justia.com

the State of Minnesota in that both are seeking identical relief-access to the source code for CMI's Intoxilyzer 5000EN in this litigation. See Compl. 17 [Docket No. 1]("Plaintiff, the State of Minnesota, respectfully asks this Court to award judgment...[o]rdering Defendant CMI to provide Minnesota litigants with copies of complete source code to the Minnesota model of the Intoxilyzer 5000..."); see also Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409-10 (8th Cir. 1995)("[p]resumption of adequate representation when the prospective intervenor's interest is identical to that of an existing party."). The argument that the State of Minnesota cannot adequately represent the interests of the Applicants because the State of Minnesota is prosecuting the Applicants in separate state court actions also is not persuasive considering the relief sought in this case. See Compl. 17 [Docket No. 1]. Even assuming *arguendo* that the Court granted ownership or control of the source code to Plaintiff, that decision would have no bearing on whether the Applicants or other similarly-situated individuals could seek leave to compel, and the court could order production of, the source code in future state proceedings. Nevertheless, the Court would note that the Applicants may seek leave from the District Court to file an *amicus curiae* brief regarding the Joint Motion by Plaintiff and Defendant to Approve Consent Judgment and Permanent Injunction [Docket No. 34].[2]

---

[2] A District Court has broad inherent authority to permit or deny an appearance as *amicus curiae* in a given case. Mausolf v. Babbit, 158 F.R.D. 143, 148 (D. Minn. 1994), rev'd on other grounds, 85 F.3d 1295 (8th Cir. 1996)(citations omitted). The amicus privilege "rests in the discretion of the court which may grant or refuse leave according[ly] as it deems the proffered information timely, useful, or otherwise." Id.; see also 3A C.J.S. *Amicus Curiae* § 3 (June 2008).

Dated:   September 16, 2008

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge