UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, by Michael Campion, its Commissioner of Public Safety, <br><br> Plaintiff, <br><br> v. <br><br> CMI of Kentucky, Inc., A Kentucky Corporation, <br><br> Defendant <br><br><br> Robert J. Bergstrom, Craig A. Zenobian, Shane M. Steffensen and Christopher D. Jacobsen <br><br> Applicants | Court File No. 0:08-cv-00603-DWF-AJB <br><br><br> **APPLICANT'S LOCAL RULE 72.2(a) OBJECTION TO MAGISTRATE JUDGE'S SEPTEMBER 16, 2008 ORDER DENYING APPLICANT'S MOTION FOR INTERVENTION** |

Applicant's object to Magistrate Judge Arthur J. Boylan's September 16, 2008

Order denying Applicants the right to fully intervene in this action pursuant to Fed. R.

Civ. P. 24(a)  [Docket #37], which ECF reports was entered on September 17, 2008, at

10:54 a.m.  Applicants maintain the Magistrate Judge's determination the State of

Minnesota adequately represents in this case the interests of the individuals the State is

prosecuting in underlying state court proceedings is clearly erroneous and contrary to

law.

The Magistrate Judge misapplied the *parens patriae* doctrine to hold that the State of Minnesota adequately represents Applicants' in this case without any analysis or discussing Applicants' evidence rebutting this presumption.

The Eighth Circuit Court of Appeals in *Mausolf v. Babbitt*, 85 F.3d 1295 (8th Cir. 1996) reversed a similar District Court decision denying intervention when applicant/intervenors established "that the applicant's interest cannot be subsumed within the shared interest of the citizens...." *Mausolf*, 85 F.3d 1295, 1303. If the citizen stands to gain or lose from the litigation in a way different from the public at large, the *parens patriae* would not be expected to represent him. *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir.1996). In *Mausolf*, The Eighth Circuit held that the "well-documented history of this particular case and controversy" where the government had traditionally not adequately represented the applicants for intervention's interests was a sufficient showing that the State did not adequately represent the interests of the applicants, to reverse the denial of the applicant's motion for intervention. *Mausolf* 85 F.3d 1295, 1303.

This case is just like *Mausolf*. The State of Minnesota in this case has repeatedly stated it does not own the Source Code in state court submissions made both before and after the filing of the current lawsuit, contrary to its claims in this case. *See Applicants Memorandum of Law in Support of Motion to Intervene*, fn. 2 (Docket No. 15, filed June 6, 2008). The State of Minnesota is prosecuting applicants in their underlying state cases, with an eye toward denying Applicants access to the Source Code with which to defend themselves in their separate state proceedings.

The State's purported negotiated settlement thwarts and impedes Applicant's interest in obtaining the Source Code. Under the RFP, Applicants were entitled to the Source Code for the sum of $250.00. Under the purported negotiated settlement for which a consent decree is sought, anyone seeking access to the Source Code must now separately fly to Kentucky to review an exemplar Source Code (a copy which is devoid of key programmer/programming information necessary to review the actual source code software) and under time and resource limitations dictated by CMI. *See Proposed Consent Judgment and Permanent Injunction* (Docket #35, Part 1, filed Sept 12, 2008). The proposed settlement for which a consent decree is sought further impedes Applicant's access by requiring additional litigation in the federal court's in order to obtain access to the exemplar Source Code.

Just like in *Mausolf*, the Magistrate Judge's decision is clearly erroneous. That State of Minnesota has a history in the past that continues into the present which demonstrates that the State of Minnesota does not and cannot adequately represent the interests of the very individuals it is prosecuting in the Minnesota State Courts.

Accordingly, Applicants respectfully request the District Court reverse the Magistrate Judge's decision to deny Applicant's motion to intervene and to allow Applicants to fully intervene in this action to protect their interests in obtaining the actual Source Code so that they can fully and adequately defend themselves in proceedings involving the Source Code.

RAMSAY & ASSOCIATES, P.L.L.C.

Dated: September 30, 2008        /s/ Charles A. Ramsay
Charles A. Ramsay  ID No. 260277
2780 Snelling Avenue North, #330
Roseville, Minnesota 55113
651-604-0000

Dated: September 30, 2008        /s/ Daniel J. Koewler
Daniel J. Koewler    ID No. 388460
2780 Snelling Avenue North, #330
Roseville, Minnesota 55113
651-604-0000

GORES LAW OFFICE

Dated: September 30, 2008        /s/ John J. Gores
John J. Gores        ID No. 228928
7091 Highway 65 NE, Suite 201
Fridley, Minnesota 55432
763-571-4777

*Attorneys for Applicants*