# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

State of Minnesota,
by Michael Campion, its
Commissioner of Public Safety,

          Plaintiff,

v.

CMI of Kentucky, Inc.,

          Defendant,

Robert J. Bergstrom, Craig A. Zenobian,
Shane M. Steffensen, and Christopher D.
Jacobsen,

          Applicants.

Civil No. 08-603 (DWF/AJB)

**ORDER**

---

Emerald A. Gratz, and Peter D. Magnuson, Assistant Attorneys General, Minnesota Attorney General's Office, counsel for Plaintiff.

Charles A. Ramsey, Esq., and Daniel J. Koewler, Esq., Charles A. Ramsey & Associates, P.L.L.C.; and John J. Gores, Esq., Gores Law Office, counsel for Applicants.

David M. Aafedt, Esq., Jessica Slattery Karich, Esq., and William A. McNab, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

---

This matter is before the Court upon Applicants Robert J. Bergstrom, Craig A. Zenobian, Shane M. Steffensen, and Christopher D. Jacobsen's (hereinafter referred to as "Applicants") appeal of Magistrate Judge Arthur J. Boylan's order dated September 16, 2008, denying Applicants the right to fully intervene in this action pursuant to Fed. R.

Civ. P. 24(a). The Applicants have also filed a request that this Court hold an evidentiary hearing regarding their appeal.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court respectfully denies the Applicants request for an evidentiary hearing and grants their appeal of Magistrate Judge Arthur J. Boylan's order of September 16, 2008. The Applicants will, as a result, be permitted to intervene in this suit.

The Court's decision turns on the question of whether Plaintiff State of Minnesota can adequately represent the interests of the Applicants. Magistrate Judge Boylan noted that both Plaintiff and the Applicants seek access to the source code for the Defendant's Intoxilyzer 5000EN. Magistrate Judge Boylan, therefore, determined that Plaintiff adequately represented the Applicants' interests and denied their request for intervention pursuant to Fed. R. Civ. P. 24(a). This Court respectfully disagrees.

Under Fed. R. Civ. P. 24(a), a party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the

action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties. Courts determine if the representation is adequate "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Little Rock School Dist. v. N. Little Rock School Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) (citing *Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992)). A party seeking to intervene must make a strong showing of inadequate representation if a named party is a government entity because the government is presumed to represent interests common to the public. *Id.*

The Applicants, as persons being prosecuted for DWI offenses using the results of the Intoxilyzer 5000EN as evidence, can claim an interest relating to the subject of this action and the disposition of the action may impair or impede their ability to protect their interest. Further, the Court concludes that the Plaintiff cannot adequately represent the Applicants' interests.

The Plaintiff has prosecuted the Applicants and those similarly situated in state court criminal cases. In connection with these prosecutions, the Plaintiff has taken a position directly in opposition to the Applicants with respect to whether the source code could be obtained and should be provided to defendants in cases under Minnesota's statutes criminalizing driving while impaired. For instance, *In re Commissioner of Public Safety* (*Underdahl I)*, 735 N.W.2d 706 (Minn. 2007), Plaintiff sought a writ of prohibition to prevent a state district court from enforcing a discovery order providing defendant with access to the source code. In that case, Plaintiff claimed that it had no ownership of the

source code nor any right to claim access to it and that a lawsuit against the Defendant seeking the source code would be frivolous. Plaintiff has also argued that the source code is not relevant to defendants' cases and that due process does not require its production. *State v. Underdahl (Underdahl II)*, 749 N.W.2d 117 (Minn. Ct. App. 2008). Now Plaintiff seeks access to the source code, in the very case it previously argued would be frivolous, and has proposed a settlement with the Defendant which purports to determine the right of the Applicants and other DWI defendants to the source code and the terms under which it will be provided.

Under ordinary circumstances, denying intervention to a party when a governmental agency is present would be correct. The Court, however, cannot conclude that under the circumstances presented here Plaintiff can adequately represent the Applicants' interests. Therefore, the Court determines that the Applicants should be permitted to intervene in this matter. The Court is aware that the decision to permit the Applicants to intervene may require some negotiations among the parties as to the settlement and that this may temporarily delay the progress of this action. However, given the history of this matter and the interests at stake, the Court finds this to be a necessary and fair result.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Arthur J. Boylan's order of September 16, 2008 (Doc. No. 37) is respectfully **REVERSED**.

2.	The Applicants' First Motion to Intervene as Plaintiffs-Intervenors (Doc. No. 13) is **GRANTED**.

3.	The parties should contact the Court's calendar clerk Gina Olsen, at 651-848-1296, to schedule a status conference with the Court.

Dated:  November 6, 2008            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court