UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, by Michael Campion, its Commissioner of Public Safety, | File No. 08-CV-603 (DWF/AJB) |
| Plaintiff, | |
| v. | |
| CMI of Kentucky, Inc., a Kentucky corporation, | **DEFENDANT'S ANSWER TO THE COMPLAINT IN INTERVENTION OF PLAINTIFF-INTERVENORS ROBERT J. BERGSTROM, CRAIG A. ZENOBIAN, AND SHANE M. STEFFENSEN**[1] |
| Defendant, | |
| and | |
| Robert J. Bergstrom, Craig A. Zenobian, Shane M. Steffensen, and Christopher D. Jacobsen, | |
| Plaintiff-Intervenors. | |

TO: Plaintiff-Intervenors Robert J. Bergstrom, Craig A. Zenobian, and Shane M. Steffensen, and their attorneys, RAMSAY & ASSOCIATES, Charles A. Ramsay and Daniel J. Koewler, 450 Rosedale Towers, 1700 West Highway 36, Roseville, Minnesota, and GORES LAW OFFICE, John J. Gores, 7091 Highway 65 N.E., Suite 201, Fridley, Minnesota.

COMES NOW Defendant CMI of Kentucky, Inc. ("CMI"), by and through its counsel Winthrop & Weinstine, P.A., and as and for its Answer to the Complaint in Intervention of Plaintiff-Intervenors Robert J. Bergstrom, Craig A. Zenobian, and Shane M. Steffensen, states, alleges, and answers as follows:

---

[1] Pursuant to Rule 12 of the Federal Rules of Civil Procedure, CMI has timely responded to the Complaint in Intervention of Plaintiff-Intervenor Christopher D. Jacobsen by separate motion.

CMI denies every claim, statement, allegation, or thing in Plaintiff-Intervenors' Complaint in Intervention except as expressly admitted or otherwise pleaded herein.

## INTRODUCTION

1. CMI denies the allegations in Paragraph 1 of the Complaint in Intervention.

2. CMI admits that the Minnesota district court judges presiding over the Implied Consent Petitions brought by Plaintiff-Intervenors Bergstrom, Zenobian, and Steffensen against the Commissioner of Public Safety ordered the State of Minnesota (the "State") to produce the Source Code in discovery. CMI further admits that the Minnesota district court judge presiding over the State's criminal proceedings against Plaintiff-Intervenor Jacobsen issued an order requiring the State to produce the Source Code in discovery.

3. CMI denies the allegations in Paragraph 3 of the Complaint in Intervention and affirmatively pleads and alleges that it has agreed to produce its trade secret source code subject to an appropriate protective order and non-disclosure agreement.

4. CMI denies the allegations in Paragraph 4 of the Complaint in Intervention.

5. CMI denies the allegations in Paragraph 5 of the Complaint in Intervention.

6. Paragraph 6 of the Complaint in Intervention constitutes a statement to which no affirmative pleading is required. To the extent that an affirmative pleading is required, CMI affirmatively states and alleges that the Plaintiff-Intervenors are not entitled to the relief described in Paragraph 6 of the Complaint in Intervention.

7. On information and belief, CMI admits the allegations in Paragraph 7 of the Complaint in Intervention.

8. On information and belief, CMI admits the allegations in Paragraph 8 of the Complaint in Intervention.

9. On information and belief, CMI admits the allegations in Paragraph 9 of the Complaint in Intervention.

10. On information and belief, CMI admits the allegations in Paragraph 10 of the Complaint in Intervention.

11. On information and belief, CMI admits the allegations in Paragraph 11 of the Complaint in Intervention.

12. CMI admits that it is a Kentucky corporation with its headquarters located at 316 East Ninth Street, Owensboro, Kentucky. CMI denies the remaining allegations in Paragraph 12 of the Complaint in Intervention.

13. Paragraph 13 of the Complaint in Intervention constitutes a legal assertion to which no affirmative pleading is required.

14. Paragraph 14 of the Complaint in Intervention constitutes a legal assertion to which no affirmative pleading is required.

## COUNT I: BREACH OF THIRD PARTY BENEFICIARY CONTRACT

15. CMI restates and realleges each preceding answer as if set forth fully herein.

16. CMI admits the allegation in Paragraph 16 of the Complaint in Intervention that the State issued a Request for Proposal ("RFP") seeking bids for breath alcohol test instruments in 1996. CMI affirmatively states and alleges that the RFP speaks for itself, must be read and interpreted as a whole, and that by its own terms, the contract between

the State and CMI (the "Contract") is comprised of the RFP, CMI's Proposal, and the State's Notification of Award. Therefore, CMI objects to the submission of any excerpt or incomplete portion of the Contract to the Court and denies any allegation based such submission.

17. CMI denies the allegation in Paragraph 17 of the Complaint in Intervention and affirmatively states and alleges that the RFP and the Contract speak for themselves and must be read and interpreted as a whole.

18. CMI denies the allegations in Paragraph 18 of the Complaint in Intervention and affirmatively states and alleges that CMI's Proposal and the Contract speak for themselves and must be read and interpreted as a whole.

19. CMI denies the allegations in Paragraph 19 of the Complaint in Intervention and affirmatively states and alleges that CMI's Proposal and the Contract speak for themselves and must be read and interpreted as a whole.

20. CMI denies the allegations in Paragraph 20 of the Complaint in Intervention and affirmatively states and alleges that the RFP, CMI's Proposal, the Notification of Award, and the Contract as a whole, speak for themselves and must be read and interpreted as a whole.

21. The allegations in Paragraph 21 of the Complaint in Intervention constitute legal conclusions to which no affirmative pleading is required.

22. CMI denies the allegations in Paragraph 22 of the Complaint in Intervention.

23. CMI admits that Judge Larson issued an order in the matter of *Robert Bergstrom, Petitioner, v. Commissioner of Public Safety, Respondent,* No. 27-CV-07-8280, on October 17, 2007, in which he ordered the State to produce the Source Code. CMI denies the remaining allegations in Paragraph 23 of the Complaint in Intervention.

24. CMI denies the allegations in Paragraph 24 of the Complaint in Intervention.

25. CMI admits that Judge Davies issued an order in the matter of *Craig Zenobian, Petitioner, v. Commissioner of Public Safety, Respondent,* No. 10-CV-07-1076, on December 18, 2007, in which she ordered the State to produce the Source Code. CMI denies the remaining allegations in Paragraph 25 of the Complaint in Intervention.

26. CMI denies the allegations in Paragraph 26 of the Complaint in Intervention.

27. CMI admits that Judge Kanning issued an order in the matter of *Shane Steffensen, Petitioner, v. Commissioner of Public Safety, Respondent,* No. 10-CV-06-1036, on December 4, 2007, in which he ordered the State to produce the Source Code. CMI denies the remaining allegations in Paragraph 27 of the Complaint in Intervention.

28. CMI denies the allegations in Paragraph 28 of the Complaint in Intervention.

29. CMI admits that Judge Venne issued an order in the matter of *State of Minnesota v. Christopher Jacobsen,* No. 02-CR-07-370, on March 25, 2008, in which he ordered the State to produce the Source Code. CMI denies the remaining allegations in Paragraph 29 of the Complaint in Intervention.

30. CMI denies the allegations in Paragraph 30 of the Complaint in Intervention.

31. CMI denies the allegations in Paragraph 31 of the Complaint in Intervention.

32. CMI denies the allegations in Paragraph 32 of the Complaint in Intervention.

33. CMI denies the allegations in Paragraph 33 of the Complaint in Intervention.

34. CMI denies the allegations in Paragraph 34 of the Complaint in Intervention.

35. CMI denies the allegations in Paragraph 35 of the Complaint in Intervention and affirmatively states and alleges that Plaintiff-Intervenors are not entitled to the relief they seek.

## AFFIRMATIVE DEFENSES

36. The Complaint in Intervention fails to state a claim upon which relief may be granted.

37. The Plaintiff-Intervenors' claims may be barred in whole or in part by the doctrine of Waiver, Laches, and Estoppel.

38. The Plaintiff-Intervenors' claims may be barred in whole or in part because Plaintiff-Intervenors lack standing to bring these claims.

39. The Plaintiff-Intervenors' claims may be barred in whole or in part by Plaintiff-Intervenors' failure to act in good faith.

40. The Plaintiff-Intervenors' claims may be barred in whole or in part by Plaintiff-Intervenors' failure to perform.

41. The Plaintiff-Intervenors' claims may be barred in whole or in part by the termination of the Contract.

42. CMI reserves the right to supplement and amend this Answer in the event that other Affirmative Defenses come to light in the course of the litigation.

## PRAYER FOR RELIEF

WHEREFORE, CMI respectfully asks that Plaintiff-Intervenors' Complaint in Intervention be dismissed in its entirely, with prejudice, and that CMI be awarded its costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure

Respectfully Submitted,

Dated: November 26, 2008　　　　　　　　WINTHROP & WEINSTINE, P.A.

s/William A. McNab
David M. Aafedt, MN #27561X
William A. McNab, MN #312071

WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Ste. 3500
Minneapolis, Minnesota 55402-4629
Tel: (612) 604-6400
Fax: (612) 604-6800
daafedt@winthrop.com
wmcnab@winthrop.com

ATTORNEYS FOR DEFENDANT
CMI OF KENTUCKY, INC.

4164502v1