UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State of Minnesota,
by Michael Campion, its
Commissioner of Public Safety,

        Plaintiff,

v.

CMI of Kentucky, Inc.,
a Kentucky corporation,

        Defendant,

and

Robert J. Bergstrom, Craig A. Zenobian,
Shane M. Steffensen, and Christopher D.
Jacobsen,

        Plaintiff-Intervenors.

File No. 08-CV-603 (DWF/AJB)

**DECLARATION OF JEFFREY SCHREIBER IN SUPPORT OF DEFENDANT'S OMNIBUS RESPONSE TO AMICUS BRIEFS**

I, Jeffrey Schreiber, make the following Declaration under penalty of perjury pursuant to the laws of the United States of America:

1. I am an attorney duly licensed to practice before the bars of the States of New Jersey and New York, the United States District Courts for the District of New Jersey and the Southern and Eastern Districts of New York, the United States Courts of Appeals for the Second and Third Circuits, and the United States Supreme Court. I am a partner in the law firm of Meister Seelig & Fein LLP, 2G Auer Court, Williamsburg

Commons, East Brunswick, New Jersey. I respectfully submit this Declaration upon personal knowledge of the matters attested to herein.

2. I represent Draeger Safety Diagnostics, Inc. ("Draeger"), which manufactures and markets, among other things, a breath alcohol testing instrument known as the Alcotest® 7110 Mk IIIC (the "Alcotest®").

3. I represented Draeger with respect to its participation in the matter captioned *State of New Jersey v. Chun, et al.* After an initial sixteen-week-long hearing on the scientific reliability of the Alcotest® held by the Honorable Michael P. King, Presiding Judge (Ret.), New Jersey Superior Court, Appellate Division, who the New Jersey Supreme Court appointed to act as its Special Master, the New Jersey Supreme Court Ordered a limited, supplemental remand to Judge King for the purpose of considering expert reports and testimony regarding the Alcotest® source code, which had not been introduced in the initial hearing. After the supplemental remand, Judge King concluded that the Alcotest® was scientifically reliable and recommended that the New Jersey Supreme Court do the same, which the New Jersey Supreme Court did in *State v. Chun*, 194 N.J. 54, 943 A.2d 114, *cert. denied*, --- U.S. ---, 129 S.Ct. 158 (2008).

4. For the supplemental remand hearing, the New Jersey Supreme Court Ordered that the defendants and Draeger each had the right to present to Judge King a report by their own independent expert, who could review the Alcotest® source code under specific and limited conditions pursuant to which the experts were required to execute a non-disclosure agreement acceptable to Draeger and could not disclose the source code to anyone else. The Supreme Court's Order also gave Judge King the

ability to hold further hearings if he so chose, which he did, taking testimony over an additional ten days during September and October 2007.

5. The defense's expert was Base One Technologies, which in turn retained John Wisniewski to do the source code review for it. Base One executed a non-disclosure agreement acceptable to Draeger before receiving access to the Alcotest® source code.

6. Thomas Workman, an attorney and self-proclaimed source code "expert" whom the defendants claimed to have retained as a "consultant," also sought access to Draeger's source code during the supplemental hearing. He refused, however, to execute a non-disclosure agreement. Instead, he urged Draeger and counsel to rely solely "upon his word as a gentleman." We declined to do so, and Draeger therefore did not give him access to its source code.

7. Even though he never actually received or analyzed Draeger's source code, Mr. Workman nonetheless submitted a "report" to Judge King, in which he declared that Draeger's firmware was "not scientifically reliable."

8. During the supplemental hearing before Judge King, Mr. Wisniewski was cross examined by counsel for the State of New Jersey. The defense objected that it was "handicapped" by portions of the cross because, while Mr. Wisniewski had access to the source code on the screen of his laptop computer during the cross examination, defense counsel – who also had refused to execute non-disclosure agreements and thus were also not given access to the source code – did not. After an extended colloquy, the State and I agreed that Mr. Workman could stand behind Mr. Wisniewski while Mr. Wisniewski

testified to verify, for the benefit of defense counsel, that Mr. Wisniewski, *the defense's own purported expert witness*, was testifying consistently with the source code.

9. I made it absolutely clear in court during the supplemental hearing that Draeger agreed to permit Mr. Workman this "look over the shoulder," limited to temporary access to the few lines of source code then in question during the specific question at issue in the cross-examination, which Mr. Wisniewski was presumably displaying on his laptop computer screen, on the express condition and agreement by all, including Mr. Workman, that Mr. Workman was not permitted to copy, retain, or otherwise take any portion of the source code or otherwise use anything he viewed while standing behind Mr. Wisniewski for any other purposes.

10. Attached hereto as <u>Exhibit 1</u> is a true and correct excerpt from the *Chun* hearing transcript, memorializing this colloquy, including my insistence that Mr. Workman's access is limited solely to resolving counsel's concern with respect to the cross examination and for no other purposes.

11. Despite being provided this extremely limited and temporary access to a few lines of the source code by looking over Mr. Wisniewski's shoulder during the cross examination, Mr. Workman later stated in an article he published in the Journal of High Technology Law that

> During the remand hearings in *State v. Chun*, the New Jersey hearings to evaluate the source code of the Draeger Alcotest 7110 MK-IIIC, the author was permitted to stand behind defense expert John Wisniewski, and view portions of the source code on the laptop screen of the witness. ***This viewing portions of the source code was accomplished without any restrictions placed on the author by the Court or Draeger***. As to the

> destruction of the secret by disclosure without limitations, that destruction as to the Draeger source code has occurred.

8 H. High Tech L. 209, n. 78 (2008) (emphasis added).

12. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of the relevant reference from Mr. Workman's article. However, as the *Chun* hearing transcript clearly reveals, Mr. Workman's claim in the Journal of High Technology Law is patently false.

13. During the same hearing, while he was standing behind Mr. Wisniewski, Mr. Workman, who, again, is a licensed attorney and an officer of the court, was caught in the act of attempting surreptitiously to pass a note to Mr. Wisniewski, *while the latter was on the stand in the midst of testifying and responding to questioning on cross-examination.* The note that Mr. Workman passed to Mr. Wisniewski, which was marked in evidence, contained the answer to a pending question posed to Mr. Wisniewski on cross.

14. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of the hearing transcript reflecting Mr. Workman's improper coaching of a witness during live testimony.

DATED: East Brunswick, New Jersey
January 5, 2009

_____
Jeffrey Schreiber