BradentonHerald.com

Posted on Wed, Jan. 14, 2009

# Manatee judge tosses DUI breath tests

By NATALIE NEYSA ALUND
nalund@bradenton.com

BRADENTON — The results of breath tests in more than 100 local drunken-driving cases will not be allowed at trial, a judge announced Tuesday.

The validity of those breathalyzer tests has been challenged for more than three years because of the Intoxilyzer 5000, a machine that uses a breath sample to measure a person's blood-alcohol content.

Manatee County Judge Doug Henderson ruled two years ago that any Intoxilyzer 5000 tests were inadmissible in trial, but prosecutors appealed. On Tuesday, Henderson told lawyers that his ruling had been affirmed by the Second District Court of Appeal and Circuit Court.

Henderson instructed attorneys to draft an order reflecting the court's decision, and that he planned to sign it, he told the Bradenton Herald.

The announcement could mean long-awaited conclusions to a legal fight that has stalled the cases in Manatee and Sarasota counties. It was unclear late Tuesday whether other appeals were possible.

Prosecutors must now decide whether to take the cases to trial without that evidence or reduce or dismiss the DUI charges.

Defense attorneys have challenged the machines, saying their clients have a right to have DUI defense experts analyze whether the machines function properly.

But Kentucky-based CMI Inc., the company that makes Florida's breath-test machines, refused to release its source code, or computer software. Both Henderson and Sarasota County Judge David Denkin ordered CMI to divulge the code, but CMI said it is a protected trade secret.

Although Henderson and Denkin agreed, they determined the refusal was a violation of due process. The judges ruled the breath-test evidence should be tossed from trial.

"The defendant's right to a fair trial outweighed the manufacturer's claim of a trade secret," Henderson said Tuesday.

The appeals court ruling could cripple many of the cases.

"We are going to wait until we have reviewed the written order to determine whether we have any appellate fights and what sort of action we should take with the cases," said Assistant State Attorney Erica Arend, chief of the misdemeanor division in the 12th Judicial Circuit, which consists of Manatee, Sarasota and Desoto counties.

Mark Lipinski, who represents seven defendants challenging the source codes, said the state likely will be forced to reduce charges — or drop the cases entirely.

Prosecutors could still take their cases to trial using other evidence, including field sobriety tests, admissions of guilt and other indicators of impairment.

Some of Lipinski's clients have been waiting for a conclusion to their case for more than three years.

"My clients didn't get swift justice, but at least they got justice," Lipinski said.

"What this really means is that outside corporations cannot sell equipment to the state of Florida and expect to hide the workings of their machine by saying they are trade secret," he added. "It means the state has to give full disclosure concerning important and critical aspects of the case."

To date, CMI is facing more than $2 million in fines because of their refusal to release the source codes, Lipinski noted.

"Even in today's economy, a million here and a million there amounts to real money," he said.

© 2009 Bradenton.com and wire service sources. All Rights Reserved. http://www.bradenton.com