# UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF MINNESOTA

Chambers of
**DONOVAN W. FRANK**
DISTRICT JUDGE

Warren E. Burger Federal Building
316 North Robert Street, Suite 724
St. Paul, Minnesota 55101
(651) 848-1290

March 27, 2009

**VIA ECF ONLY**

Emerald A. Gratz
Alan I. Gilbert
Assistant Attorneys General
Minnesota Attorney General's Office
445 Minnesota St Ste 1800
St Paul, MN 55101

Charles A. Ramsay, Esq.
Daniel J. Koewler, Esq.
Charles A. Ramsay & Associates,
 P.L.L.C.
450 Rosedale Towers
1700 West Highway 36
Roseville, MN 55113

John J. Gores, Esq.
Gores Law Office
7091 Hwy 65 NE Suite 201
Fridley, MN 55432

William A McNab, Esq.
David M Aafedt, Esq.
Jessica Slattery Karich, Esq.
Winthrop & Weinstine, PA
225 S. 6th St., Suite 3500
Minneapolis, MN 55402-4629

**Re:** ***State of Minnesota, by Michael Campion, its Commissioner of Public Safety***
***v. CMI of Kentucky, Inc.***
**Civil No. 08-603 (DWF/AJB)**

Dear Counsel:

The Court has received a request in the above-referenced case from the Plaintiff State of Minnesota ("State") asking that it delay its ruling regarding the motion of Defendant CMI of Kentucky, Inc. ("CMI") to dismiss the Complaint in Intervention of Plaintiff-Intervenor Christopher D. Jacobsen. The State indicates that it believes issues presented in the motion overlap with issues to be briefed by the parties in connection with cross-motions scheduled for hearing on June 4, 2009. The State requests that the Court defer its ruling on CMI's motion until it considers the cross-motions.

CMI objects to the State's request, contending that the State had an opportunity to present its position on CMI's motion at the time it was briefed and heard. CMI notes that the State first indicated that it would not appear at the hearing on the motion, but changed course in the days prior to the hearing. Notwithstanding that it had not submitted a brief, the State appeared at the hearing and, over the objection of CMI, was permitted to note its position

Dockets.Justia.com

regarding the issues presented.  Therefore, CMI contends that the State's position is known and, to the extent it was not presented, the State has waived any further argument.

CMI's position has merit.  As a party to the contract at issue in this case, the State should have briefed the issues raised in CMI's motion prior to the Court's hearing on that matter.  Instead, the State's position and its presence at the hearing were something of a moving target.  At the same time, however, the Court recognizes that this matter concerns issues of significant public interest, which are beyond the interests of the specific parties themselves.  Given that, the Court concludes that its decision would benefit from the fullest possible exposition of the issues in this case.  Therefore, over CMI's objection and without condoning the State's conduct, the Court grants the State's request and will defer ruling on CMI's motion until it considers the parties' cross-motions.

Very truly yours,

s/Donovan W. Frank

DONOVAN W. FRANK
Judge of United States District Court

DWF:rlb