**UNITED STATES DISTRICT COURT**
FOR THE
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Chambers of<br>**DONOVAN W. FRANK**<br>DISTRICT JUDGE | Warren E. Burger Federal Building<br>316 North Robert Street, Suite 724<br>St. Paul, Minnesota 55101<br>(651) 848-1290 |

April 16, 2009

**VIA ECF ONLY**

Emerald A. Gratz
Alan I. Gilbert
Assistant Attorneys General
Minnesota Attorney General's Office
445 Minnesota St., Suite 1800
St Paul, MN 55101

Charles A. Ramsay, Esq.
Daniel J. Koewler, Esq.
Charles A. Ramsay & Associates,
 P.L.L.C.
450 Rosedale Towers
1700 West Highway 36
Roseville, MN 55113

John J. Gores, Esq.
Gores Law Office
7091 Hwy 65 NE, Suite 201
Fridley, MN 55432

William A McNab, Esq.
David M Aafedt, Esq.
Jessica Slattery Karich, Esq.
Winthrop & Weinstine, PA
225 S. 6th St., Suite 3500
Minneapolis, MN 55402-4629

> **Re:** *State of Minnesota, by Michael Campion, its Commissioner of Public Safety v. CMI of Kentucky, Inc.*
> **Civil No. 08-603 (DWF/AJB)**

Dear Counsel:

At its hearing on February 27, 2009, the Court indicated that it would consider approaching Chief Justice Eric J. Magnuson to discuss the issues raised by the conflict regarding the Source Code and, particularly, would suggest that the state courts conduct a test case regarding the issue of the reliability of the Intoxilyzer 5000EN. All parties indicated they were amenable the Court's suggestion.

Accordingly, on March 9, 2009, the Court sent the attached correspondence to Chief Judge James T. Swenson of the Fourth Judicial District and Chief Judge Kathleen R. Gearin of the Second Judicial District to solicit their thoughts and to ask whether they wished to join this Court in such an approach, given that the underlying issues regarding the Source Code are being heard and decided by state courts. The Court received responsive correspondence from both Chief Judges which it also attaches for the parties' review. Based upon the Chief Judges' statements, it does not appear that either of them wish to engage Chief Justice Magnuson regarding the Source Code issue at this time, and both indicate their opinion that

the state courts lack the resources to conduct a test case proceeding regarding reliability issues. Given their response, this Court has determined that it will not approach the Chief Justice at this time, but will instead concentrate on the issues in the case before it. I continue to believe, as I expressed in my letter of March 9, 2009, to Chief Judges Gearin and Swenson, that all parties would be well served by engaging in negotiations with a view to agreeing on a reasonable protective order that could be utilized by the state courts in criminal and driver's license revocation proceedings. I believe this would go far in resolving the issues of access to the Source Code, as well as addressing discovery and evidentiary issues, regardless of the Minnesota Supreme Court's decision in the pending *Underdahl* case. Consequently, I remain hopeful that parties may well conclude that it is in their best interests, as well as in the best interests of all parties concerned, to negotiate a reasonable protective order.

    Very truly yours,

    s/Donovan W. Frank

    DONOVAN W. FRANK
    Judge of United States District Court

DWF:rlb
Attachments