UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota,<br>by Michael Campion, its<br>Commissioner of Public<br>Safety,<br><br>            Plaintiff,<br><br>vs.<br><br>CMI of Kentucky, Inc.,<br>a Kentucky corporation,<br><br>            Defendant. | Civil Case No. 08-603 (DWF/AJB)<br><br>**AFFIDAVIT OF MICHAEL MOLENDA<br>IN SUPPORT OF PLAINTIFF'S MOTION<br>FOR PARTIAL SUMMARY JUDGMENT<br>AND AN ORDER FOR SPECIFIC<br>PERFORMANCE OR PERMANENT<br>INJUNCTION, OR IN THE ALTERNATIVE<br>FOR A PRELIMINARY INJUNCTION** |

COUNTY OF DAKOTA    )
                                )ss.
STATE OF MINNESOTA    )

      Michael E. Molenda, being first duly sworn, deposes and states that:

      1.    I am the Chief Prosecutor for the City of Apple Valley and submit this affidavit in support of Plaintiff's Motion for Partial Summary Judgment and an Order for Specific Performance or Permanent Injunction, or in the alternative for a Preliminary Injunction.

      2.    I am an attorney and shareholder at the law firm of Severson, Sheldon, Dougherty & Molenda, P.A. in Apple Valley, Minnesota. Since 1983, I have been the Chief Prosecutor for the City of Apple Valley. In this capacity, I handle the prosecution of criminal driving while impaired ("DWI") charges stemming from DWI arrests made in Apple Valley.

3. The issue of access to the source code for the Intoxilyzer 5000EN ("Source Code") first arose in early 2006, when the State began receiving demands for production of the Source Code from individuals arrested for DWI and challenging the validity of their breath test results in criminal DWI cases in state district court.

4. In late 2007, CMI agreed to produce the Source Code to litigants in criminal DWI cases but only pursuant to their proposed protective order and non-disclosure agreement. Generally, judges found CMI's proposed protective order to be unreasonable and refused to approve it. For example, in one DWI case involving the City of Apple Valley, a state court judge concluded that "no sensible person would ever agree to be bound by" CMI's proposed non-disclosure agreement. Attached as Exhibit A is a true and correct copy of the court's order in *State v. Randall Scott Pedersen,* No. K8-07-221 (Dakota Cty. Dist. Ct. Nov. 2, 2007).

5. However, in one criminal case arising from a DWI arrest made in Apple Valley on March 4, 2006, the Source Code was produced to the defendant by CMI. CMI's proposed protective order was approved by the state court judge and the criminal DWI litigant paid CMI $1,675.00 for production. Attached as Exhibit B is a true and correct copy of the court's order in *State v. Ryan Scott Steffen,* No. 19-K0-06-001109 (Dakota Cty. Dist. Ct. Oct. 9, 2007).

6. Ultimately, CMI's failure to produce the Source Code has disrupted the effective functioning of law enforcement agencies and the proper enforcement of Minnesota's DWI laws.

Further your affiant sayeth not.

                                                                  s/ Michael E. Molenda
                                                                  MICHAEL E. MOLENDA

Subscribed and sworn to before me
this 14th day of April, 2009.

s/Jacqueline A. Bendoraitis
Notary Public