UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

State of Minnesota,
by Michael Campion, its
Commissioner of Public Safety,

        Plaintiff,

v.

CMI of Kentucky, Inc.,
a Kentucky corporation,

        Defendant,

and

Robert J. Bergstrom, Craig A. Zenobian,
Shane M. Steffensen, and Christopher D.
Jacobsen,

        Plaintiff-Intervenors.

File No. 08-CV-603 (DWF/AJB)

**PROTECTIVE ORDER**

---

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

    1.    As used in the Protective Order, these terms have the following meanings:

    "Attorneys" means counsel of record;

    "Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

    "Confidential" documents are documents designated pursuant to paragraph 2;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends constitutes or contains trade secret, proprietary information, data protected by the Minnesota Government Data Practices Act (with respect to documents produced by Plaintiff) if applicable, or other confidential information as that term is defined in Fed. R. Civ. P. 26(c)(1)(G).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents, or the information contained in the documents, shall, directly or indirectly, transfer, disclose, or communicate in any way the documents or the contents of the documents to any person other than those specified in paragraph 4 and 5. Prohibited uses include, but are not limited to, use for competitive purposes.

4. Access to any Confidential document shall be limited to:

    (a) the Court and its officers;

    (b) Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

    (c) persons shown on the face of the document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) parties or employees of the parties who need access to information for purposes of prosecuting or defending this action;

    (f) any mediator or arbitrator engaged in this action on agreement of all of the named parties to this action;

(g) outside independent persons (i.e., persons who have been or will be retained by a party or its attorneys to provide technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action;

5. The parties shall have the right to further designate Confidential documents or portions of documents as Attorneys' Eyes Only ("AEO"). Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (f), and (g), save and except that employees of the State of Minnesota with expertise in or knowledge of the subject matter of the AEO documents may also have access to documents designated AEO as necessary to assist the Attorney General's Office in prosecuting or defending this action.

6. Non-parties producing documents in the course of this action may also designate documents as "Confidential" or "AEO" subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such non-parties shall be treated as "Confidential" and "AEO" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "AEO" pursuant to the terms of the Protective Order.

7. Each person appropriately designated pursuant to paragraphs 4(e), (f), or (g) to receive Confidential information and each person appropriately designated pursuant to paragraph 5 to receive AEO information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is, or within the past 2 years has been, an

employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or AEO and thereby obtain the protections accorded other "Confidential" or AEO documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" and AEO during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or AEO information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify documents as "Confidential" or AEO shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

11. If a party files a document containing Confidential or AEO information with the Court, it shall do so under seal in compliance with the Electronic Case Filing Procedures for the District of Minnesota. If only very limited portions of the document contain Confidential or AEO information, the party shall also file a redacted version of the document electronically. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or AEO, the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential" or AEO. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or AEO in the action may be affected. The party asserting that the material is Confidential or AEO shall have the burden of proving that the information in question is within the scope of

protection afforded by paragraph 2 above and Fed. R. Civ. P. 26(c) or the Minnesota Government Data Practices Act.

13. Within 60 days of the final termination of this action, including any appeals, each party shall return to the opposing party all documents designated by the opposing party as "Confidential" or AEO and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action. If Plaintiff or its counsel believe either of them is required by Minn. Stat. § 15.17, subd. 1 (2008) to retain any Confidential documents that were not filed with the Court, Plaintiff or its counsel must notify Defendant of the documents it or they believe must be retained within the 60-day period. If Defendant disagrees with Plaintiff's or its counsel's determination that such documents must be retained pursuant to Minn. Stat. § 15.17, subd. 1, Defendant may ask this Court to rule on the matter. Plaintiff or its counsel shall bear the burden of proving that the documents in question must be retained pursuant to Minnesota law. Any Confidential or AEO documents determined by this Court to be subject to retention pursuant to Minn. Stat. § 15.17, subd. 1 shall be permanently designated Confidential and nonpublic unless otherwise ordered by the Court.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the final termination of this action, the parties shall remove any conventionally filed materials designated "Confidential" or AEO from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

Dated: May 7, 2009         s/ Arthur J. Boylan
                           **ARTHUR J. BOYLAN**
                           **United States Magistrate Judge**

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____, county _____, state of _____;

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in *State of Minnesota et al. v. CMI of Kentucky, Inc.*, Case No. 08-CV-603 (DWF/AJB), pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents or information designated "Confidential" or AEO obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy such documents or information. I shall not use such documents or information except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or AEO and all excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. I submit myself to the jurisdiction of

the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____     _____
               (Date)                        (Signature)

#2437943v1