# AFFIDAVIT

COMMONWEALTH OF KENTUCKY  )
                         ) ss.
COUNTY OF DAVIESS         )

I, Toby Hall, being duly sworn, hereby state and aver the following on personal knowledge:

## BACKGROUND

1. I am the President of CMI, Inc., d.b.i. CMI of Kentucky, Inc. (collectively, "CMI"), located at 316 East 9th Street, Owensboro, Kentucky. I have held that position since April 2007. I began my career with CMI as an engineer in 1990. I hold a Bachelor of Science degree in Electrical Engineering and have over fifteen years' experience in instrumentation design.

2. I was directly involved in reviewing the State of Minnesota's 1996 Request for Proposal ("RFP") and in preparing CMI's proposal to the State and its subsequent Response to the State's Request for Clarification regarding CMI's proposal.

3. In its Proposal, CMI responded to the State's Special Condition 12 by informing the State that it had a standard procedure for responding to requests for information from attorneys representing individuals in cases where one of CMI's instruments provided evidence in the case.

4. From before October 1996 until at least September 2007, that standard procedure involved CMI providing a copy of the Operation Manual for the instrument in question. That was contingent upon the recipient's payment of a set cost, execution of a

confidentiality agreement, and execution of an affidavit that he or she had returned the manual at the end of the case.

5. CMI presented this standard procedure and sample documents in its Proposal.

6. After receiving CMI's Proposal, the State sent CMI a Request for Clarification. CMI's standard procedure was among the items addressed in the request, because the State had identified typographical errors in the standard form CMI had provided with its Proposal. In response, CMI provided the State with a corrected and slightly revised version of the standard procedure.

7. At no time during the RFP/Proposal/Contract Award process did the State question or challenge the substance of CMI's standard procedure for supplying information to attorneys.

8. At no time during the RFP/Proposal/Contract Award process did the State indicate that it required CMI to provide Minnesota litigants with anything more than a copy of the Operation Manual.

9. At no time did CMI agree to provide Minnesota litigants with anything more than a copy of the Operation Manual.

10. For each of these reasons, CMI believed, and still believes, that the State was fully aware of, and freely accepted, CMI's standard policy as its agreed upon response to Special Condition 12 in the State's RFP, and awarded the Contract to CMI with that knowledge.

11. At the time the Contract was executed, CMI did not consider the source code to be a manual, a pamphlet, or a document.

12. At no time during the RFP/Proposal/Contract Award process did CMI intend to make its proprietary, trade secret source code available to Minnesota litigants, under any circumstances.

FURTHER THE AFFIANT SAYETH NAUGHT

Dated: May 15, 2009

By: _____

Subscribed and sworn to before me
this 15 day of May, 2009.

_Donna K. Parks_
Notary Public
4495699v1

3