UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota,<br>by Michael Campion, its<br>Commissioner of Public Safety,<br>　　　　Plaintiff,<br>and<br><br>Robert J. Bergstrom, Craig A. Zenobian, Shame M. Steffensen, and Christopher D. Jacobsen,<br>　　　　Plaintiff- Intervenors,<br><br>vs.<br><br>CMI of Kentucky, Inc.,<br>a Kentucky corporation,<br>　　　　Defendant. | Civil Case No. 08-603 (DWF/AJB)<br><br>**SECOND AFFIDAVIT OF<br>EMERALD GRATZ** |

COUNTY OF RAMSEY　　　)
　　　　　　　　　　　　)ss.
STATE OF MINNESOTA　　)

　　　Emerald Gratz, being first duly sworn, deposes and states that:

　　　1.　　I am an Assistant Attorney General in the Public Safety Division of the Minnesota Attorney General's Office and submit this second affidavit in support of the State of Minnesota's Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings, or, in the Alternative, for Partial Summary Judgment.

　　　2.　　When ordering production of the source code for the Intoxilyzer 5000EN ("Source Code") in civil implied consent cases, state district court judges have stayed hundreds of cases pending resolution of this federal litigation. Attached collectively as

Exhibits A and B are true and correct copies of some of the stayed orders from state district court judges in implied consent proceedings. In one case, the district court judge believed that ordering production of the Source Code and staying the matter gives CMI incentive to comply with its contractual obligation to release the Source Code. Attached as Exhibit C is a true and correct copy of *Kyle James Bean v. Commissioner of Public Safety,* No. 19WS-CV-09-135 (Dakota Cty. Dist. Ct. March 31, 2009).

    3. In addition, some state district court judges continue to rescind implied consent cases based on non-production of the Source Code despite this pending litigation. Attached collectively as Exhibit D are true and correct copies of some of the rescind orders filed since the inception of this litigation on March 3, 2008, by state district court judges in implied consent cases. Many of these rescissions are grounded in the frustration by state court judges of the lack of immediate access to the Source Code and the inability to hold CMI accountable for the problem. For example, in ordering a rescission in one implied consent case where the Source Code was not produced pursuant to court order, the district court judge specifically noted that: "[w]hile sanctions here effectively penalize the wrong entity, the Commissioner is the only party available to be sanctioned - CMI is not a party to this case." Attached as Exhibit E is a true and correct copy of *Alex Joseph DelFiacco v. Commissioner of Public Safety*, No. 19-C2-07-3874 (Dakota Cty. Dist. Ct. March 6, 2009). In another case, the district court judge rescinded the implied consent revocation and observed that "CMI should not be permitted to hold the Minnesota Judicial System hostage in such a way." Attached as Exhibit F is a true

and correct copy of *James Wallace Carlson v. Commissioner of Public Safety*, No. 13-CV-08-700 (Chisago Cty. Dist. Ct. Aug. 14, 2008).

4. The State filed a Petition for Rehearing in *State v. Underdahl/Brunner,* Nos. A07-2293/A07-2428 (Minn. 2009), on May 5, 2009. Attached as Exhibit G is a true and correct copy of the State's Petition for Rehearing along with the Appendix to the Petition.

5. Attached as Exhibit H is a true and correct copy of excerpts from Defendant's Answers to Plaintiff's First Set of Interrogatories.

6. Attached as Exhibit I is a true and correct copy of a letter dated April 13, 2009, from counsel for CMI to counsel for the State concerning discovery issues.

7. Attached as Exhibit J is a true and correct copy of a letter dated April 23, 2009 from counsel for CMI to counsel for the State concerning discovery issues.

8. Attached as Exhibit K is a true and correct copy of Plaintiff's Fifth Set of Discovery Requests to Defendant.

9. Various attorneys involved in criminal DWI and civil implied consent cases served subpoenas issued by Minnesota state court judges on CMI in Kentucky, requesting production of the Source Code. CMI refused to comply with the subpoenas by claiming, in part, that a Minnesota state court does not have jurisdiction over the company. Attached collectively as Exhibit L are true and correct copies of some of the court documents and subpoenas from attorneys in Minnesota who tried to acquire the Source Code directly from CMI, as well as responsive letters from CMI to the attorneys.

10. Attached as Exhibit M is a true and correct copy of Defendant's Responses to Plaintiff's Fourth Set of Interrogatories.

11. Attached as Exhibit N is a true and correct copy of Defendant's Responses to Plaintiff's Fourth Request for Admissions.

Further your affiant sayeth not.

                                             s/Emerald Gratz     .
                                             EMERALD GRATZ

Subscribed and sworn to before me
this 15th day of May, 2009.

  s/Barbara McKinney     .
Notary Public

AG: #2436610-v1