UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, by Michael Campion, its Commissioner of Public Safety, | Civil Case No. 08-cv-00603 DWF/AJB |
| Plaintiff, | |
| and | |
| Robert J. Bergstrom, Craig A. Zenobian, Shane M. Steffensen, and Christopher D. Jacobsen, | **AFFIDAVIT OF GLORIA O'CONNELL SONNEN** |
| Plaintiff–Intervenors, | |
| vs. | |
| CMI of Kentucky, Inc., a Kentucky corporation, | |
| Defendant. | |

COUNTY OF RAMSEY            )
                            )ss.
STATE OF MINNESOTA          )

I, Gloria O'Connell Sonnen, being first duly sworn, depose and say:

1.     I am an Acquisition Management Specialist with the Department of Administration Materials Management Division (MMD).

2.     I worked with Bureau of Criminal Apprehension (BCA) staff in the development of the Request for Proposal ("RFP") for breath alcohol test instruments that the State of Minnesota issued in 1996. I also worked with BCA staff in evaluating the

responses to the RFP. The MMD file contains my hand–written notes of my meeting with BCA staff Eldon Ukestad and Bob Mooney and with Assistant Attorney General Al Becicka. A copy of these notes, which were included in Exhibit 15 of the May 15, 2009 affidavit of William McNab, are attached hereto as Exhibit A. Because of the references to my preparing a draft RFP by August 2 that are on page A-5 (State 003622), I believe that the notes are from my first meeting with BCA staff concerning the RFP which took place in July 1996. Since this was our initial meeting, the discussion was general and our ideas were subject to change as the process continued.

3.  Page A-4 (State 003621) of my notes contains the notation "Inst. manuals – (attys. request)" and "Lowered fee for indigent defendant." My notes do not mean that the participants at the meeting contemplated that an instrument vendor's responsibility to provide information to defense attorneys would be limited to instrument manuals. The intent of the RFP was to require the manufacturer to provide information concerning the test instrument that a court deemed appropriate for the manufacturer to disclose, including but not limited to instrument manuals.

4.  I believe that the starting point for drafting the RFP was a July 15, 1996 memo written by Bob Mooney which contained the following language:

> H) a provision for making available directly from the manufacturer to attorneys defending individuals charged with crimes where evidence includes a test on the selected instrument *information such as manufacturer instrument operation manuals and such other information as might be requested in disclosure requests,* this to be activated upon the order of the court with the jurisdiction over the case.

"Goals this contract is to accomplish," ¶ 3H (emphasis added). Mr. Mooney's memo also stated:

> F) provide for a mechanism by which attorneys representing individuals tested with the selected instrument in court cases shall be able to obtain *copies of docuemtns* [sic] *related to the operation of the instrument* from the manufacturer with suitable conditions regarding non-disclosure agreements, unauthorized copying control.

"Major tasks to be completed," ¶ 4F (emphasis added).

5. My notes from a September 4, 1996 meeting with BCA staff are attached hereto as Exhibit B. My notes indicate that by that date, the reference to "manufacturer instrument operation manuals" had been dropped from the draft RFP, which at that time contained the following language:

> Provision for information to attorneys supplied directly from manufacturer including statement of all non-disclosure/non-reproduction agreements, fees and deposits required, to be used by attorneys representing individuals charged with crimes in which a test with a proposed instrument is part of the evidence. This part of the contract to be activated with an order from the court with jurisdiction of the case and include a reduced fee schedule for defendants found by the court to be entitled to a publicly funded defense.

*See* page B-1 (State 003632). In the subsequent drafting process, the words "required to obtain information" were added after the word "agreements" in the third line. With that addition, the language became Special Condition 12 of the final RFP issued by the State.

6. CMI did not take specific exception to any condition of the RFP pursuant to Special Condition 25. CMI's response to the RFP unequivocally stated that CMI would comply with all terms and conditions of the RFP, which includes Special Condition 12.

*See* Oct. 25, 1996 CMI cover page and transmittal letter, attached hereto as Exhibit C, at page C-9 (BCA 009) ("Acceptance of the State of Minnesota's Terms and Conditions").

s/ Gloria O'Connell Sonnen<br>GLORIA O'CONNELL SONNEN

Subscribed and sworn to before me
this 28th day of May, 2009.

s/ Nancy J. Rafftery
Notary Public

AG: #2436610-v1