

RAMSAY RESULTS.

Charles A. Ramsay
& Associates, PLLC

2780 Snelling Avenue North
Suite 330
Roseville, MN 55113

June 2, 2009

The Honorable Donovan W. Frank
United States District Court
724 Federal Building
316 North Robert Street
St. Paul, MN 55101

RE: State of Minnesota, by Michael Campion, its Commissioner of Public Safety and Robert J. Bergstrom, Craig A. Zenobian, Shane M. Steffensen, Christopher D. Jacobsen v. CMI of Kentucky, Inc.
U.S.D.C. File No. 0:08-cv-00603-DWF-AJB

Dear Judge Frank:

We received today the State's response to Plaintiffs-Intervenor's objection to the untimely noticed hearing for approval of the settlement and Consent Judgment in this matter and appreciate this opportunity to reply.

The State gives no legitimate reason to deviate from the Rules and the previous precedent established by this Court in this matter to permit full and informed comment on this second proposed Consent Judgment, which is somehow supposed to benefit Plaintiffs-Intervenor and those similarly situated, when it does not.

To dispense with proper notice that would allow full and informed discussion and resultant Judicial review of the proposed Consent Judgment, the State incorrectly suggests the Plaintiffs-Intervenor were part of the settlement negotiation, when as set forth in June 1, 2009 correspondence to the Court the Plaintiffs-Intervenor were shut out of the ex parte secret settlement conference.

The State and Defendant kept the terms of the settlement secret for three days, after it was reached on May 29, 2009. The first notice to Plaintiffs-Intervenor that there was a secret settlement was on June 1, 2009 when the Court filed its minute Order entitled "Hearing on: Status Conference in re: settlement efforts." The terms of the settlement were nowhere contained in this filing. Only after Plaintiffs-Intervenor requested this information was an already "<u>signed</u>" mutual release and proposed Consent Judgment filed later that day. Despite the delay in disclosing the settlement and its terms, the State was quick to issue a one sided press release praising the settlement.

Minnesota, State of v. CMI of Kentucky, Inc. Doc. 168

The exclusion from the ex parte secret settlement conference, compounded with untimely notice of the hearing to approve the proposed Consent Judgment reached from the secret settlement conference is designed to only prejudice Plaintiffs-Intervenor and the Amici that commented at the first proposed Consent Judgment by depriving them of adequate time to review and address the proposed secret settlement.

The State's reference to political pressure, tied with the enticement of economic advantage in the proposed settlement documents, is insufficient to dispense with the notice and timing requirements of the Rules that permit parties and Amici adequate time to address what the State now seeks to foist on the public.

The State's reliance upon Fed. R. Civ. P. 6(c) to depart from the timely notice requirement is misplaced. Rule 6(c) does not apply when another rule sets a different time. Similarly, the State's reliance on Fed R. Civ P 1 to forego proper and timely notice is misplaced. Rule 1 states the purpose of the Rules is to "secure the just" determination of an action. The State's maneuvering is designed to thwart this purpose.

Accordingly, Plaintiffs-Intervenor respectfully request that they and the Amici not be shut out of these proceedings. The State's maneuverings, along with the terms of proposed Consent Judgment, demonstrates one more time that the State does not adequately represent the interests of the Plaintiffs-Intervenor and those similarly situated.

Plaintiffs-Intervenor and the Amici should be heard and afforded the full protections of the Rules and the prior precedent of this Court in this matter so that they may prepare briefing on this proposed Consent Judgment. Accordingly, Plaintiffs-Intevenor respectfully request that the hearing on this matter be scheduled in accordance with the Local Rules and this Court's prior precedent in this matter so that a hearing may be had on the merits, not the maneuverings of the State and Defendant.

Thank you for your consideration to this matter.

Sincerely,

CHARLES A. RAMSAY & ASSOCIATES, P.L.L.C.


  /s/ Charles A. Ramsay
Charles A. Ramsay, Attorney ID #260277
Attorney at Law
2780 Snelling Avenue North
Suite 330
Roseville, MN 55113
Telephone: (651) 604-0000
*Attorney for Plaintiffs-Intervenor*

CHARLES A. RAMSAY & ASSOCIATES, P.L.L.C.


  /s/ Daniel J. Koewler
Daniel J. Koewler, Attorney ID #388460
Attorney at Law
2780 Snelling Avenue North
Suite 330
Roseville, MN 55113
Telephone: (651) 604-0000
*Attorney for Plaintiffs-Intervenor*

GORES LAW OFFICE


  /s/ John J. Gores
John J. Gores, ID No. 228928
7091 Highway 65 NE, Suite 201
Fridley, Minnesota 55432
Telephone: (763) 571-4777
*Attorney for Plaintiffs-Intervenors*

cc:    Counsel of Record in accordance with ECF