# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

State of Minnesota,  
by Michael Campion, its  
Commissioner of Public Safety,

Civil No. 08-603 (DWF/AJB)

        Plaintiff,

and

**ORDER**

Robert J. Bergstrom, Craig A. Zenobian,  
Shane M. Steffensen, and Christopher D.  
Jacobsen,

        Plaintiff-Intervenors,

v.

CMI of Kentucky, Inc.,

        Defendant.

---

Emerald A. Gratz, Daniel L. Abelson and Thomas C. Vasaly, Assistant Attorneys General, and Alan I. Gilbert, Solicitor General, Minnesota Attorney General's Office, counsel for Plaintiff.

Charles A. Ramsey, Esq., and Daniel J. Koewler, Esq., Charles A. Ramsey & Associates, PLLC; and John J. Gores, Esq., Gores Law Office, counsel for Plaintiff-Intervenors.

David M. Aafedt, Esq., Jessica Slattery Karich, Esq., and William A. McNab, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

---

      This matter is before the Court upon the Plaintiff-Intervenor's Objection to the Scheduling Out of Time The Hearing On Plaintiff and Defendant's Proposed Consent Judgment and Permanent Injunction. (Doc. No. 181.) Plaintiff-Intervenors contend that a motion hearing regarding the Settlement Agreement and proposed Consent Judgment

between the State of Minnesota, by Michael Campion, its Commissioner of Public Safety (the "State") and CMI of Kentucky, Inc. ("CMI") scheduled for June 11, 2009 does not comply with the District of Minnesota's Local Rules. Plaintiff-Intervenors request that the motion hearing be rescheduled in accordance with Local Rule 7.1.

The Court denies the requested relief. Even if Local Rule 7.1 applies to proceedings such as the State and CMI's Joint Motion for Consent Judgment and Permanent Injunction, the first line of Rule 7.1 makes clear that the rule may be set aside if ordered by the Court, and the Court now exercises its discretion to vary from the rule. The Court does so for several reasons.

First, the Court disagrees with Plaintiff-Intervenors' argument that the hearing date leaves insufficient time for the Plaintiff-Intervenors to participate in the hearing and to make their views known. At the time that the Court considered the State and CMI's previous attempt at settlement, the issues in the case were not fully developed and the parties' positions were not fully explained and, therefore, the Court permitted additional time for briefing by the parties and other interested persons. At this time, however, the parties have conducted substantial briefing on the issues and the Court is well familiar with the matter and the parties' respective positions, and neither the issues nor the parties' positions have changed during the course of the case.

Second, the Court concludes that the interests of justice favor expeditious resolution of this matter. The central dispute in this case involves access to the Source Code for the Intoxilyzer 5000EN. The record before this Court reflects that prosecutions

and implied consent proceedings have been delayed and dismissed as a result of this ongoing dispute. Therefore, the resolution of this proceeding impacts the fair and efficient administration of justice in Minnesota's criminal and civil proceedings regarding drivers accused of driving under the influence.

Notwithstanding this, the Court intends to hold a full and fair hearing on this matter. Therefore, the Court will reschedule the hearing on the State and CMI's Joint Motion for Thursday, June 18, 2009, an extension of the hearing date by one week. In light of this change of the date for the hearing, the Court will permit parties objecting to the settlement to file objections by 5:00 PM on Friday, June 12, 2009. The State and CMI may file a reply to any such objections by noon on Tuesday, June 16, 2009. The Court finds that this schedule permits full participation by the parties. Further, if the parties are unable to be present for the hearing on June 18, 2009, the Court will be inclined to move the hearing forward rather than to extend the date of the hearing.

Finally, the Court takes this opportunity to address various statements made by counsel for the Plaintiff-Intervenors with respect to the Settlement Agreement and proposed Consent Judgment. Counsel have referred to the meetings between the State and CMI as an "*ex parte*" proceeding and the resulting settlement as a "secret settlement." (Doc. Nos. 175, 186.) The Court takes these allegations seriously, most particularly because they are misplaced. Nothing prevents parties to a litigation matter from meeting to attempt to resolve their differences in order to reach a settlement.

Further, the State and CMI did not engage in *ex parte* contacts with judicial officials.[1] Rather, the State and CMI were directed to engage in settlement negotiations to determine whether the issues between them, not relating to the claims of the Plaintiff-Intervenors, could be resolved. Finally, the Settlement Agreement reached is not a secret. It is available on the Court's docket, it has been reported on in the press and commented upon by members of the DWI defense bar, including counsel for the Plaintiff-Intervenors, and the Court will hold a public hearing regarding the Settlement Agreement at which time counsel for the Plaintiff-Intervenors can make their objections known. Therefore, the Court expressly concludes that the State and CMI have not engaged in any improper conduct and that the statements made regarding this issue by counsel for the Plaintiff-Intervenors are in error.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff-Intervenor's request regarding rescheduling the hearing in this matter contained in their Objection to the Scheduling Out of Time The Hearing On Plaintiff and Defendant's Proposed Consent Judgment and Permanent Injunction (Doc. No. 181) is **DENIED**.

2. The hearing set for June 11, 2009 is taken off the calendar. A hearing will be held in this matter on June 18, 2009. The parties are directed to contact the Court's

---

[1] Plaintiff-Intervenors should note Local Rule 16.5, which authorizes the use of alternative dispute resolution and expressly notes that the Full-Time Magistrate Judges of the District Court constitute a panel of neutrals available for use by litigating parties as contemplated by federal law.

Calendar Clerk, Gina Olsen, by calling (651) 848-1296, to schedule a time for the hearing.

      3.      Objections to the Settlement Agreement and proposed Consent Judgment must be filed via ECF no later than 5:00 PM on June 12, 2009.

      4.      Any organization that has previously appeared as amicus in this matter that wishes to be heard at the hearing on June 18, 2009, must file an objection or amicus brief with the Court no later than 5:00 PM on June 12, 2009. Such parties must also contact the Court by telephone to notify the Court that they intend to appear at the hearing and offer argument. Such parties must do so by contacting the Court's Calendar Clerk.

      5.      The State and CMI must file any reply briefs in response to any objection or amicus brief no later than noon on June 16, 2009.

Dated: June 3, 2009                            s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    Judge of United States District Court