UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| State of Minnesota, by Michael Campion, its Commissioner of Public Safety, | File No. 08-CV-603 (DWF/AJB) |
| Plaintiff, | |
| v. | **AMICUS CURIAE BRIEF OF SUBURBAN HENNEPIN COUNTY PROSECUTORS ASSOCIATION** |
| CMI of Kentucky, Inc., a Kentucky Corporation, | |
| Defendant, | |
| and | |
| Robert J. Bergstrom, Craig A. Zenobian, Shane M. Steffensen, and Christopher D. Jacobsen, | |
| Plaintiff-Intervenors. | |

_____

## **INTRODUCTION**

Pursuant to the Court's Order of June 3, 2009, *amicus curiae*, Suburban Hennepin County Prosecutors Association ("SHCPA"), submits this brief in support of the Proposed Consent Judgment and Permanent Injunction ("Consent Agreement") jointly filed by Plaintiff State of Minnesota and Defendant CMI of Kentucky, Inc. as a result of a Settlement Agreement entered into by those parties on June 1, 2009. The SHCPA is a Minnesota non-profit corporation consisting of prosecutors representing the interests of municipalities in Hennepin County, Minnesota. A large portion of the cases handled by the member communities involves Driving While Under the Influence and related matters. Upon review of the Proposed Settlement Agreement, SHPCA supports the

Settlement Agreement as reasonable in that it satisfies the previously stated concerns of defendants in the state of Minnesota.

Prior to the Supreme Court's decision in State v. Underdahl/Brunner, _____ N.W. 2d _____ 2009 WL1150093 (Minn. 2009), the Minnesota Court of Appeals, and several district courts, determined the source code was not in the possession, custody or control of State of Minnesota. As a result, it was not discoverable under either the Minnesota Rules of Civil Procedure or Rule 7 or 9 of the Minnesota Rules of Criminal Procedure. See, State of Minnesota v. Kuklok, ____ N.W. 2d _____ 2009 WL818923 (Minn. App. 2009); Abbott v. Commissioner of Public Safety, 760 N.W. 2d 920 (Minn. App. 2009); Patterson v. Commissioner of Public Safety, No. A08-0761, 2009 WL671569 (Minn. App. 2009).

Subsequent to the Supreme Court's decision in Underdahl/Brunner, the Minnesota Court of Appeals recently determined the source code is in the possession, custody or control of the State and is, therefore, discoverable. See, State v. Crane, _____ N.W. 2d _____, 2009 WL1515264 (Minn. App., June 2, 2009). Further, district courts and the Minnesota Court of Appeals are granting/affirming source code discovery requests based on supporting documents filed by defense counsel determined to be sufficient by the Supreme Court in Underdahl/Brunner. As a result of the change in direction concerning possession, custody and control and discoverability of the source code, the prosecutors for the various municipalities in Hennepin County have been inundated with source code motions and district court orders providing for discovery of the source code.

Notwithstanding the Minnesota Court of Appeals' determination that the State possesses or controls the source code, it remains unavailable to the State of Minnesota, its agencies or prosecuting authorities. To the detriment of the citizens of the state of Minnesota, orders granting disclosure of the source code result in dismissal of drunk driving charges or reduction of those charges contrary to public policy and state safety concerns.[1] The resulting dismissal of the BAC>.08 or more charge for failure to provide defense counsel with the source code makes continuing prosecution of the Driving While Under the Influence charge substantially more problematic and difficult. Both prosecutors and defense attorneys understand the difficulty in continuing prosecution of a DUI case without the test results. This fact clearly explains the motivation of criminal defendants in arguing for the discoverability of the source code on the one hand; and, now objecting to the proposed Settlement Agreement which provides for the fair and reasonable access to the source code. Simply put, criminal defendants benefit from the current legal stalemate and do not really want the very item they are requesting—the source code to the Intoxilyzer 5000EN.

In order to address the current state of source code law in Minnesota, municipalities, sheriff's offices and the State Patrol are either no longer utilizing, or limiting their use of, the Intoxilyzer 5000EN to test the alcohol concentration of suspected drunk drivers. These entities are relying on blood and/or urine tests in order to verify the level of intoxication of drunk driving suspects. Such testing results in an inordinate backlog of cases with the Bureau of Criminal Apprehension, while resulting in

---

[1] Once the district court orders production of the source code and subsequently suppresses the breath test due to the State's inability to produce the source code, the district courts have uniformly dismissed the BAC>.08 criminal charges, Minn. Stat. § 169A.20, subd. 1(5).

delayed or uncertain justice for all parties involved. Further, prosecuting authorities are forced to attempt to obtain the source code from CMI of Kentucky, Inc., notwithstanding the fact the State is not able to obtain possession of the source code from CMI of Kentucky, Inc. as evidenced by the filing of this action in federal court. As a result, prosecuting authorities are dismissing without prejudice various DWI cases in the interests of justice in order to attempt to comply with district court orders directing discovery of the source code, pending the resolution of the matter now before this Court.

Given the current state of the prosecution of Driving While Under the Influence of Alcohol cases in the state of Minnesota, the proposed settlement entered into between the State of Minnesota and CMI of Kentucky, Inc. should satisfy the concerns of defense counsel representing individuals charged with Driving While Under the Influence of Alcohol in the state of Minnesota and is in the best interests of all parties. The agreement allows defendants in criminal DUI cases to obtain access to the source code upon a state district court's order requiring production of the source code and execution of a protective order. Further, the proposed non-disclosure agreement addresses the proprietary and other property interests of CMI. The cost agreed to for providing the printed version of the source code accommodates private and public funded defenses. In the event the criminal defendant desires an electronic form of the source code, making the electronic form available in Kentucky without charge satisfies criminal defendants' concerns of accessibility, and accommodates the parameters of access discussed by the expert regularly retained by defense counsel, Thomas Workman. See, Brunner v. Commissioner of Public Safety, No. A08-1267, 2009 WL 1312130 (Minn. App. 2009). If the criminal defendant feels that access to the printed/hardcopy or electronic forms of

the source code is not sufficient, that defendant can file a motion with this Court for determination of the issue.

The state-owned portion of the source code will be made available to criminal defendants for inspection at the Minnesota Bureau of Criminal Apprehension. Importantly, an attorney who retains an expert and receives an expert report regarding analysis of the source code is allowed to use the report for other current or prospective clients. Therefore, the issue of burdensome cost and expense on each individual criminal defendant has been adequately and reasonably addressed by the Proposed Settlement Agreement. As a result of the foregoing, approval of the Proposed Settlement Agreement will result in defendants obtaining unfettered access to the Intoxilyzer 5000EN source code.

The Proposed Settlement Agreement reasonably and adequately addresses any concerns over access, analysis and expense in obtaining the source code from the State of Minnesota or CMI of Kentucky, Inc. Defendants charged with Driving While Under the Influence of Alcohol in the state of Minnesota are now in a position to obtain the source code consistent with their numerous requests for such access made in the state district courts of Minnesota. Any arguments against, or objections to, the Proposed Settlement Agreement by criminal defendants are unfounded and bring to mind the adage "be careful what you wish for." Confronted with the reality that the source code will be made available to criminal defendants, defendants are now in the precarious position of deciding what to do with the source code rather than merely making argument that it is discoverable. The current state of the law in Minnesota concerning discoverability and possession of the source for the Intoxilyzer 5000EN has created a risk to public safety,

congestion in the state court system, uncertainty for law enforcement agencies and unreasonable impediments to the prosecution and defense of Driving While Under the Influence cases.

## **CONCLUSION**

As a result of the foregoing, *amicus*, Suburban Hennepin County Prosecutors Association, respectfully requests the Court approve the Proposed Settlement Agreement and enter the Consent Judgment and Permanent Injunction as reasonable and necessary for the efficient, fair and appropriate processing of Driving While Under the Influence of Alcohol cases in the state of Minnesota.

June 12, 2009    /s Mark J. Schneider_____
Mark J. Schneider (#178044)
CHESTNUT & CAMBRONNE, P.A.
3700 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402
(612) 339-7300

On Behalf of Suburban Hennepin County Prosecutors Association, *Amicus Curiae*