HALBERG : APPLEBY : NELSON : SCHAFER : HAZELTON



January 25, 2010

The Honorable Donovan W. Frank
United States District Court
724 Federal Building
316 North Robert Street
St. Paul, MN 55101

The Honorable Jerome B. Abrams
Scott County District Court
200 Fourth Avenue West
Shakopee, MN 55379

Re: *State of Minnesota v. CMI of Kentucky, et al.*
USDC File No. 08-CV-603

*State of Minnesota, Counties of Carver, Dakota, Goodhue, LeSueur, McLeod, Scott and Sibley*
Consolidated File No. 70-CR-09-19749 and Minnesota Supreme Court File No. A09-209

Dear Judge Frank and Judge Abrams:

I am writing in regard to the status of the source code litigation. We are now in a somewhat unique situation. The recent order by the Minnesota Supreme Court consolidating source code cases statewide has placed Judge Abrams in a position to decide a majority of the pending Minnesota source code cases in a state court context. Meanwhile, Judge Frank has ongoing control of the federal litigation that gave rise to the settlement, which provided the current method used by our state courts to order disclosure of the source code for analysis. The difficult position with respect to discovery that we currently face is due to the fact that while CMI is a party to the federal litigation being presided over by Judge Frank, it is not a party to the state court action in front of Judge Abrams.

CMI and the Coalition have reached an impasse regarding source code analysis issues in Kentucky. On November 19, 2009, the parties to the federal lawsuit had a conference with Judge Frank. After a lengthy and involved discussion, the court encouraged the parties to resolve their source code analysis issues during the next few weeks. If those discussions failed, the court would promptly schedule a hearing to review the matter.

TINA APPLEBY ■ MARSH HALBERG ■ DOUGLAS HAZELTON ■ ERIC NELSON ■ BRENT SCHAFER ■ LEE ORWIG

Firm: 612-DEFENSE (333-3673) • Fax: 952-224-4840 • Northland Plaza • 3800 American Blvd W • Ste 1590 • Bloomington • MN • 55431
www.halbergdefense.com

dockets.Justia.com

One focus of our discussions with CMI concerned technical details for the analysis and the security procedures that should be employed. On these issues, I believe that we have come to an agreement.

A separate issue – one that has not been resolved – is what other information related to the source code is the Coalition is entitled to review. This other information will allow the Coalition to expedite the process of source code analysis, ultimately making the analysis more efficient and more thorough. While the Coalition is comprised of hundreds of attorneys, our funds are limited. We have already expended in excess of $150,000 on expert fees working through all the settlement discussions and have not yet even started the analysis in Kentucky.

To this end, we have attached to this letter an informal summary of discovery issues that we anticipate will need to be ruled upon by the court, in one forum or another. While a separate request for this information will also be provided to the State of Minnesota, much of the information is currently only available from CMI.

To put our request in layman's terms, the Coalition believes it has the right to ask CMI and the State to provide documentation and information regarding prior problems involving the Intoxilyzer and its source code. Likewise, the Coalition seeks information documenting the efforts or changes that have been made to the machine or the source code to remedy those problems. This request necessarily includes any source code fixes or updates that are "on the shelf" and have not yet been implemented or installed.

While CMI will certainly articulate its own position, I anticipate that CMI will argue that it has already agreed to provide the source code to the Coalition and therefore it has complied with the Federal settlement. Rather than speak for other parties, I leave it to CMI and its attorneys to respond to these issues, and to confirm with the Courts whether or not it is refusing to provide the listed information to the Coalition.

It is the Coalition's position that, because the litigation that will be presided over by Judge Abrams is both civil and criminal in nature, there are constitutional *Brady v. Maryland* disclosures that are required to be provided by the State, notwithstanding the impact that the broad rules of civil discovery have on access to the information requested prior to experts traveling to Kentucky.

Discovery of the requested information will help expedite and curtail the time necessary for review of the source code, make the overall review process less expensive, and (most importantly) allow for a truly complete and thorough source code review. Especially now, when the timelines for resolution anticipated in the State litigation are being placed in jeopardy, it is of the utmost importance that the Coalition be provided with the means to review the source code that are both expedient and necessary.

CMI does not have to assist in making our job any easier, and that is not the Coalition's position. However, it is our right to try to minimize the time our experts spend in Kentucky. Consequently, our experts should be allowed to perform the necessary preparation prior to that analysis, both to provide for an efficient use of time and to minimize overall expenses. To this end, the Coalition does believe that CMI should be held accountable for preventable delays and unnecessary expenses.

Faced with numerous avenues to approach this situation, the Coalition has narrowed its options to these:

**State Court Action**

As we all are aware the federal settlement is not binding on the State courts and additional or separate relief could be ordered.

At a previous hearing before Judge Abrams I had chided CMI for never honoring any of the numerous Minnesota Court orders compelling disclosure of the source code. Mr. McNab responded that no one has ever followed the correct process under the Uniform Act for such matters. Judge Abrams has also referenced the possibility of third party subpoenas for discovery being ordered. I then learned that all 50 states have adopted the Uniform Act to Secure Witnesses.

Unless CMI is willing to provide the documentation to the Coalition, I believe I will need to seek a Minnesota Certificate/Subpoena duces tecum under Minn. Statute 634.07 or other appropriate law from Judge Abrams. I will then have to retain a lawyer in Kentucky to go to court and have the certificate made an order. I would then have to serve the order and have a CMI employee appear in Kentucky with the requested information.

I would note the case of Robbins v CMI.Inc, a Court of Appeals case from the Court of Appeals for the Commonwealth of Kentucky, No 2005-CA-04715-MR in which CMI vigorously fought Florida courts efforts to enforce documentation disclosure in a DWI case. As such, based upon Mr. McNab's comment and the history of CMI in response to prior court orders, I assume CMI will not respond to our remaining requests informally.

**Federal Action**

As CMI is a party to the litigation before Judge Frank the Coalition can also seek to have the federal court order the discovery we are seeking. Although our discovery requests are not new to CMI, I am again listing our requests to put CMI and the State on notice of these demands and to allow them time to start to accumulate the information if the Court orders its release. Again, this will facilitate speedy review of the source code, and ensure that this entire issue is dealt with as efficiently and economically as possible, given the admittedly complex nature of these matters.

**Summary**

The Coalition anxiously awaits the opportunity to appear before both of you in any way that the two of you think best, with the goal of moving these matters along in an expeditious manner. I do not know whether either or both of you wish to hold an informal settlement conference first or if you wish to move immediately to a formal hearing. We would welcome an invitation to sit at a table with both of you and all parties for us to discuss the discovery requests. We can bring our experts to explain why our requests are customary in this type of analysis of an embedded system and are relevant to a meaningful source code review.

We recognize the mounting concerns to move these cases along as quickly as possible. I would like to reiterate, however, the Coalition's good faith efforts to resolve issues. Please remember that the State waited years to initiate the federal litigation against CMI, no discovery was undertaken before the federal settlement agreement was reached and law enforcement continues, at its option, to offer breath testing when blood or urine options are available. The Coalition has just recently entered this matter and it is doing all it can to move the analysis forward.

Judge Abrams is out of the country until the end of January and I am gone the first week of February. It would be greatly appreciated if we could possibly have the matter scheduled in the second week of February. My assistant, Trista Anderson, or my associate, Lee Orwig, can schedule matters in my absence.

Sincerely,

HALBERG CRIMINAL DEFENSE

Marsh J. Halberg
On behalf of the Source Code Coalition

MJH/ta

    William McNab, Attorney for CMI
    Kristi Nielsen, Assistant Attorney General
    Emerald Gratz, Assistant Attorney General
    Derek Patrin, Esq.
    Lee Orwig, Esq.
    Trista Anderson, Legal Assistant

# SOURCE CODE DISCOVERY SUMMARY(1/25/10)

**The Coalition believes CMI has agreed to provide the following:**

1. Source code, compile & build time scripts & directives in softcopy.

2. Data & communications structures for all ROMs and RAMs.

3. Embedded system schematics and logic diagrams and specs.

4. Bill of Materials (excluding substitution specs, revision & quality logs).

5. Security design and logs for dial-up or network data access and transfer, including items that may be considered security-related.

**The Coalition believes CMI is refusing to provide the following:**

6. Patch notes, scripts, and files for all variations (including master and slave processors) of all Minnesota EN Models, including System design, Engineering Change (EC) & revision documentation.

    > The Coalition believes that CMI is agreeing to provide patch information as it relates to revisions in use in Minnesota at the current time. The Coalition believes CMI is refusing to provide patches "on the shelf" that CMI is aware of that have not been implemented

7. Source and execution code control procedures and logs.

8. Service & Support, Repair records & communications.

9. Calibration, re-calibration and certification records & procedures.

10. Service, support, and repair procedure documentation.

11. All code updates in progress.

12. Test tools and software related to the creation and maintenance of relevant Minnesota Models.

13. All communications, documents and emails related to any problem/issue/concern or perceived problem/issue/concern that has been reported to or observed by CMI or its affiliates related to the Intoxilyzer 5000, including all technical files and data created in relation to those problems/issues/concerns. This request includes, but is not limited to, all communications, documents and emails between CMI or its affiliates and all offices or agencies of the State of Minnesota.

    > The Coalition is aware of some emails between the BCA and CMI, but is not privy to all emails regarding Intoxilyzer problems.